Jackson, J.
I concur entirely with brethren, in aside this verdict. After the plaintiff had undertaken f * 472 J *to prove one or more trespasses within the times mentioned in the declaration, I ought not to have admitted evidence of any trespass at any other time.
Originally every declaration in trespass seems to have been confined to one single act of trespass. When the injury was of a kind that could be continued without intermission, from time to time, the plaintiff was permitted to declare with a continuando, and the whole was considered as one trespass. In move modern times, in order to save the trouble and expense of a distinct writ, or count, for every different act, the plaintiff is permitted to declare, as is done in this case, for a trespass on divers days and times between one day and another; and, in that case, he may give evidence of any number of trespasses within the time specified. Such a declaration is considered as if it contained a distinct count for every different trespass. This is for the advantage and ease of the plaintiff; but he is not obliged to avail himself of the privilege, and may still consider his declaration • is containing one count only, and as confined to a single trespass. When it is considered in that light, the time be comes immaterial, and he may prove a trespass at any time before the commencement of the action, and within the time prescribed by the statute of limitations.
But it would be giving an undue advantage to the plaintiff if he could avail himself of the declaration in both of these modes, and would frequently operate as a surprise on the defendant. He is, therefore, bound to make his election before he begins to introduce his evidence. He must waive the advantage of this peculiar form of declaration, before he can be permitted to offer evidence of a trespass at any other time. The rule, therefore, on this subject was mistaken on'the trial. It is not that the plaintiff shall not recover foi *391 any trespass within the time specified, and also for a trespass at another time; but he shall not give evidence of one or more trespasses within the time, and of another at another time.
*If the option thus allowed to the plaintiff should be [ * 473 ] so exercised as to surprise the defendant at the trial, the Court will always grant a continuance, or such a delay of the trial as may enable the defendant to prepare fully for his defence (1).

Verdict set aside, and a new trial ordered

 [Mr. Stavhie says, trespasses to lands are usually alleged to have been < < minit* ted on a day specified, and on divers other days and times between that day and the commencement of the action ; and. under such an allegation, the plaintiff may prove any number of trespasses committed within that space of time, or one single act of trespass previous to the day first mentioned. —B. N. P. 86. per Holt, Ch. J. 4 Ann. at Hertford Sir. 1095. —1 Salk. 639. —Hume vs. Oldacre. 1 Starkie, C. 351. —A very learned person has intimated a doubt whether any number of trespasses may not be given in evidence, all anterior to the day first named. It seems, however, to be a general principle that where the plaintiff has, by his own description, limited the extent of the injury complained of, he cannot go beyond that description in his evidence ; and where a particular space of time is thus assigned for the trespasses, it seems to operate by way of description, and not as a mere formal allegation of time. It is nevertheless competent to the plaintiff to waive his continuando, and to prove a single act of trespass anterior to the day first mentioned ; for the allegation of trespasses; on other days than the one first named cannot, it seems, place him in a worse situation than if one trespass only had been alleged ; and this was so held in Wilson vs. Powell, Skinner, 641, B. N. P. 86. Co. Lit. 283. —The practice on this subject seems to have been formerly much more strict. —See Clayt. 141, pl. 256 ; ib. 5. pl. 8. Vin. Ab. Ev. R. b. 15, 16. —Leon. 362, pl. 416. Tr, per pais, 199.—It was even held that if the plaintiff could not prove the trespass on the first day, he could not prove trespasses on the diversis vicibus afterwards.— Walker vs. Dawson, Clayt. 141, pi. 256. —2 Stark. Ev. 806. 2d London edition.—Ed.]