## THE STATE OF CONNECTICUT *against* BATES.

Under an information for adultery, charging but one offence, and that in a single count, the public prosecutor, having given evidence of one act of adultery, will be confined to that act, and not permitted to introduce proof of other acts, committed with the same person, at different times and places.

THIS was an information for the crime of adultery. The information, consisting of a single count, alleged, that at *Voluntown*, on the 23rd of *January*, 1834, *Sybil Bates*, then being the lawful wife of *Silas Bates*, feloniously suffered and permitted *William Eldridge*, to have carnal knowledge of her body, against the peace, &c.

The prisoner pleaded *Not guilty ;* and on that plea the cause was tried, at *Brooklyn, January* term, 1834.

The attorney for the state called one *Joseph Cory*, who testified, that in *September*, 1833, he saw the prisoner in bed with *William Eldridge*, where she remained from early bedtime until toward morning, the bed being in the same room where the witness was. The same witness was then called to say, that at a subsequent time and on a subsequent day, he saw the prisoner in the act of adultery with the same man, at another place. *Jane Eldridge* was then called to testify, that at several other times, she had seen the prisoner in bed, undres-

sed, with *William Eldridge* since *August*, 1833.  The counsel for the prisoner objected to this testimony, unless it should be confined to one act of adultery.  The judge did not sanction the objection, but admitted evidence of many different acts of adultery between the prisoner and *William Eldridge*, at different times and places, between the 1st of *September*, 1833, and the date of the information.

The jury found the prisoner *guilty ;* and thereupon, she moved for a new trial.

*Judson*, in support of the motion, contended, That under a single allegation of a crime, in one count, the prosecutor, in support of that allegation, having proved one crime, at a particular place and on a particular day, cannot then introduce evidence of other crimes, committed on other days and at other places.   *Rex* v. *Cole, Mich.* term 1810. cited 1 *Phill. Ev.* 137.   2 *Phill. Ev.* 143.

*C. F. Cleaveland* and *I. Bulkley*, contra, insisted, That other instances of an adulterous intercourse with the same man, might be admitted as circumstances to strengthen the testimony as to the fact of adultery, principally relied on.

BISSELL, J.   The only question in this case, regards the admissibility of the evidence offered on the part of the state.   The information charges but one offence, and that in a single count.   Is the state, under such an information, confined to a single offence, in the proof ?   Or may the prosecutor, having given evidence of one act of adultery, still be permitted to introduce proof of any number of acts, committed, indeed, with the same person, but at different places, and at different times ?   I do not see upon what principle such a claim can be supported.   It is, obviously, opposed to the usual course of proceeding ; and would, to say the least of it, be exceedingly inconvenient in practice.   The accused comes prepared to defend against a single charge   This he may do successfully—and having done so, may find himself overwhelmed, by a multitude of others, of which the information gave him no notice, and against which he cannot be supposed to be prepared.   And the prosecuting attorney, instead of shaping his case, at the outset, in the most favourable manner, may detain the court and jury, by

*Windham,*
*July, 1834.*
_____
The State.
*v.*
Bates.

proving any number of offences, and then elect upon which to claim a conviction.   And why should this be done?   He is supposed to be in possession of the proofs, and should make his election from the first.   In this there can be no hardship ; and such is the well settled rule in all analogous cases.

Thus, in an action of assault and battery, if the declaration contains but one count, the plaintiff, after proving one assault, cannot waive that and proceed to give evidence of another.   3 *Stark. Ev.* 1440.   *Stante* v. *Pricket,* 1 *Campb.* 473.   *Burgess* v. *Freelove,* 2 *Bos.* & *Pull.* 425.   2 *Phil. Ev.* 143.

The same rule prevails in trespass.   And even when the action is laid with a *continuando ;* or the trespass is alleged to have been committed *diversis diebus et vicibus ;* if the party waive, as he may do, his right to prove any act within the days mentioned in his declaration, and prove a trespass on a day anterior to the first day mentioned, he must be confined to that act, and will not be permitted to prove any other.   3 *Stark. Ev.* 1441.   *Pierce* v. *Pickens,* 16 *Mass. Rep.* 170.   And so again, if the defendant be indicted for a burglary and a subsequent stealing, the prosecutor having failed to prove the burglary, on the day laid in the indictment, cannot be permitted to prove a larceny committed in the same house, on a previous day.   *Rex* v. *Cole,* 1 *Phil. Ev.* 137.   2 *Leach* 708. 2 *East's P. C.* 519.

I think the same rule should be applied to the case under consideration ; and that the evidence was improperly admitted.

Consequently, a new trial must be granted.


The other Judges were of the same opinion, except PETERS, J., who was absent.


New trial to be granted.