Mr. Chief Justice Sharkey,
delivered the opinion of the court.
This was an action of trespass quare clausum fregit. The declaration contains five counts for different trespasses, and the defendants pleaded not guilty generally, and it was agreed that they might give any special matter in evidence which might have been pleaded. The jury found for the plaintiff $2,250 damages, and the case comes up on exceptions taken during the trial, as well as from a refusal to grant a new trial.
The court refused to give two charges asked by defendants, the first of which was, that if the jury believed the defendants acted by summons of an officer to assist him in executing legal process, and did not exceed their authority in their acts, they should find for the defendants.
The principle contained in this charge is undoubtedly a plain legal proposition. Lord Mansfield said, in Cooper v. Booth, cited 2 Starkie’s Ev. 819, it would be a solecism to say that the legal execution of a legal warrant could be a trespass. The defendants had given in evidence a search-warrant, and proved by the officer that they had been summoned by him to assist in its execution. It was as much a justification to them as to the officer, if they did not commit excesses.
But it is said the court was not bound to give this charge, because the plaintiff had proved a trespass committed before the officer was present with his warrant. Charges should always be given with reference to the evidence before the jury. They must be applicable to the state of case made out. It is true that the defendants cannot justify under the process for acts committed before the officer arrived; but -the state of the pleadings must have an important bearing on this question. In each count, except the fourth, the trespasses are charged to have been committed on a certain day, and on divers other days, between that another day. The effect of so laying the trespasses in the declaration, is to make the time a descriptive part of the trespass, and to open the door for proof as to any trespass committed within that time, but to exclude all others. 16 Mass. R. 470; Gould’s Plead. 106. Now what were the pleas? Under the argument the defendants must be considered as justifying to *513 the counts collectively and separately, and to each trespass. In other words, the plea is as broad as the declaration. The plaintiff did introduce proof of several trespasses, some committed before the officer was present and some after. The defendants justified as to each under a search-warrant. It was, therefore, a question of fact for the jury whether the defence was proved as to all the trespasses, or only to part. The question of law was, whether trespassers can justify under a warrant; the question of fact was, whether the defendants had acted under process in every instance. The plaintiff was seeking to recover for. several trespasses; the defendants could give an excuse for some, but not for others. The plaintiff had so framed his declaration as to admit proof of several trespasses within a given time, and the defendants had a right, under the pleadings, to defend in the same way, by proving justification as far as they could. If the plaintiff had laid separate trespasses in separate counts, the defendants would have been required to answer each, and then the charge asked would have been improper as to trespasses not justified.
The only point in reference to this charge, on which a doubt could be raised, is, whether it had not been given in substance in the preceding charge, which was, that “ an officer to whom process is directed nmst judge whether aid is necessary to the execution of that process, and citizens are required to obey his summons when called' on by the officer.” Whilst it would seem to follow as a consequence, that they would be excused when acting under a summons, which they were bound to obey, yet this is a mere inference of law, and it was proper that the jury should have been more explicitly informed. The first charge seems to have been but a preliminary, or foundation to the second.
As on this ground the judgment must be reversed, it is unnecessary to notice others. There is no principle of law presented which must necessarily arise in a second trial.
Judgment reversed and cause remanded.