PHILIP H. FOLGER *vs.* THOMAS B. FIELDS & others.

Successive trespasses of the same kind to personal property may be sued for, and damages recovered therefor, under a declaration containing one count with a *continuando.*

In an action for taking and carrying away certain sheep, a portion of which had been impounded by the defendants as field-drivers, the plaintiff is not restricted to damages for the sheep impounded, by reason of an agreement made between the parties that, "to avoid another suit, the plaintiff may offer evidence of the manner of driving the sheep, and the improper and injurious treatment of them after impounding."

In such an action, an agreement that if, upon a case stated, it should be determined that the plaintiff could recover, the defendants should be defaulted, and an assessor appointed to award such damages as he should consider proved, followed by a default under such an agreement, does not admit that the defendants took and carried away the whole number of sheep alleged in the writ, but the plaintiff is still bound to offer evidence before the assessor of the extent of his loss.

In trespass *de bonis asportatis* against several defendants, damages can be assessed only for acts committed by all the defendants jointly, and the rule is the same, although all the defendants have been defaulted by agreement.

THIS was an action of trespass *de bonis asportatis,* the declaration alleging that the defendants, "on the first day of April, and at divers other days and times between that day and the day of the purchase of this writ, (June 7, 1848,) in and upon the personal property of the plaintiff, with force and arms did commit an assault, and three hundred sheep of the plaintiff's, of the value of five hundred dollars, did take and carry away, and convert to their own use," &c. The defendants justified the taking as field-drivers of the town of Nantucket; and for the purpose of determining the question of liability of the defendants, an agreed statement of facts was submitted to the court, upon which judgment was pronounced against the defendants. See 3 Cush. 336. The agreement recited that "the sheep mentioned in the declaration were taken by the defendants," and also stated that if, upon the facts agreed, the whole court should be of opinion that the plaintiff was entitled to recover, "the defendants are to be defaulted, and an assessor is to be appointed by the court to assess the damages; and upon the question of damages, to avoid another

Folger *v.* Fields & others.

suit, the plaintiff may offer evidence to the assessor of the manner of driving the sheep by the defendants, and the improper and injurious treatment of them after impounding, and the said damages may be assessed therefor as the assessor shall consider proved." Upon the report of the assessor, several questions were raised, which are stated in the opinion.

*T. G. Coffin,* for the plaintiff.

*O. P. Lord,* for the defendants.

MERRICK, J.* This is an action of trespass, in which it is alleged that the defendants, on the first day of April, and on divers days and times between that day and the day of the date of the writ, with force and arms took and carried away, and converted to their own use, three hundred sheep belonging to the plaintiff, of the value of $500. It has heretofore been determined, upon an agreed statement of facts, that the plaintiff is entitled to recover. See 3 Cush. 336. And according to an agreement contained in, and making a part of that statement, the defendants have since been defaulted, and an assessor appointed to assess the damages.

Upon the report of the assessor, now made and returned into court, several questions are raised as to the sum for which judgment shall be entered.

From the report, it appears that all the defendants were joint trespassers in taking and driving away certain sheep belonging to the plaintiff, on the 15th day of May, and also in taking, driving away, and impounding certain other sheep of his on the 16th day of the same month; and that some, but not all, of the defendants were joint trespassers in taking and driving away certain other of the plaintiff's sheep on various other days during the time specified in the declaration. And the assessor ascertained and has reported what sum the plaintiff ought to recover for each of the several acts of trespass enumerated by him, and also what sum he ought to recover upon the assumption that the defendants are jointly liable for taking away and impounding the whole number of sheep mentioned in the writ and declaration.

---

* This and the three following cases were decided at the June sittings in Boston, 1853.

The defendants insist that damages can be assessed against them, under the plaintiff's declaration, for only one single act of taking; and that, by force of the stipulation contained in the agreed statement of facts, their liability is limited to the taking and treatment of those sheep only which were actually impounded.

Neither of these objections can be sustained.    The first depends upon the erroneous assumption that, in actions of trespass *de bonis asportatis*, one act only can be proved, although the injury complained of is alleged to have been committed on divers days and times within a specified period, as well as on a day particularly named.    When the trespass may be laid with a *continuando* depends much, as was said in *Fontleroy* v. *Aylmer*, 1 Ld. Raym. 239, " upon the consideration of good sense."    Such a declaration in reference to a trespass which terminated in itself, and was therefore incapable of repetition, would have been held bad on special demurrer, though appropriate and correct in reference to trespasses which were successive and repeated.    And under such a declaration therefore the plaintiff is allowed to give evidence of a trespass committed on any one, or on all of the days comprehended in it.    1 Wm. Saund. 24, n. 1 ; *Butler* v. *Hedges*, 1 Lev. 210 ; *Monkton* v. *Pashley*, 2 Ld. Raym. 974.    The reason assigned in *Pierce* v. *Pickens*, 16 Mass. 470, for including several acts in a single count, is quite as applicable to the case of injuries to personal, as to those committed upon real property.    But if there were any doubts whether, according to the more rigid rules of pleading which formerly prevailed, such a mode of declaring would be sufficient to enable a party to recover for successive and repeated trespasses, there would seem to be no occasion for any now.    It is a simple, but comprehensive and intelligible statement of several acts, distinct in time, but identical in kind, and all constituting, together, the plaintiff's cause of complaint.    It can subject the defendant to no possible disadvantage, since he may always, if he really believes it material to his defence, guard himself against surprise, and ascertain with exactness the charges made against him, by a bill of particulars, which is now uniformly ordered in all similar cases.

Nor is there any ground for the other objection of the defendants, that the plaintiff, by the stipulation contained in the agreed statement of facts, has restricted himself, in the recovery of damages, to the injury done to such of the sheep as are actually impounded. The object and effect of that stipulation was almost the reverse of that proposition; it was to enlarge and increase, rather than to restrain and diminish, the liability of the defendants. They were field-drivers, or the servants of field-drivers, in the town of Nantucket, and had taken up certain sheep belonging to the plaintiff, alleged to have been unlawfully at large there, without a keeper. A part of these animals were rescued or otherwise regained by the owner, and the residue of them were driven into the town pound, and left there in the custody of its keeper. These facts were not in dispute between the parties, but their controversy was one of strict legal right. There was no denial that the animals had been taken, but the contention was whether they had been lawfully and justifiably taken by the defendants. It was to obtain the opinion of the court upon this question of law that the parties agreed upon a statement of facts; and they left the amount of the damages, if it should be decided that the plaintiff was entitled to recover, to be afterwards ascertained and declared by an assessor. If the capture should be adjudged to have been unlawful, the liability of the defendants for all the damages which ensued before, and up to, the time when a part of the sheep were actually impounded, would follow of course. But for their injurious treatment while in the pound, in the exclusive possession of the pound-keeper, and under his sole control, he was responsible to the owner; and the defendants, without a special agreement to that effect, were not. *Pickard* v. *Howe*, 12 Met. 198. From inducements satisfactory to themselves, perhaps because all the officers were indemnified by other interested parties, the defendants were willing to enlarge their responsibility. Hence the necessity and the occasion for the stipulation in the agreed statement of facts, that, to avoid another suit, the plaintiff might offer to the assessor " evidence of the improper and injurious treatment of the sheep after they were

impounded," and that he should assess such damages therefor as he should consider to be proved.   The judgment, therefore, should embrace, in addition to the damages for which they were otherwise legally liable, a compensation for those injuries for which, by their express agreement, they made themselves responsible.

But the plaintiff contends that, by their default, taken in connection with their agreement in the statement of facts concerning the assessment of damages, the defendants must be held to have admitted that they took and impounded three hundred sheep, being the whole number of sheep alleged in the writ and declaration to have been taken and carried away; and that he is therefore entitled, without further proof of loss, to recover compensation for the injury done to such as he regained, and for the value of so many more as will make, with those regained, three hundred in the whole.   But this would give to their agreement an extent and efficiency not intended by the parties, nor warranted by its terms.   It is very plain that their chief object in agreeing upon a statement of facts was, to obtain the opinion of the court upon the legal question in controversy between them; and the matter of damages, being of subordinate importance, was postponed, to be afterwards inquired into, if it should be determined that the plaintiff was entitled to recover.   In that event, an assessor was to be appointed to assess the damages. The stipulation that he was to hear the parties, to receive and decide upon their evidence, and to award such damages as he considered to be proved, shows very conclusively that it was not their intention that the default of the defendants should have any unusual or extraordinary effect, or that it should be held as a conclusive admission of the entire injury and trespass complained of.   Except in relation to the manner in which compensation should be made for the improper and injurious treatment of the sheep while confined in the pound, — which, without some special provision, the assessor could not properly have included in his assessment, — the agreement left him in all other respects to investigate and dispose of the subject of damages strictly according to law.

Upon a default, the charge in the declaration shall be taken to be true. Rev. Sts. *c.* 92, § 1. And the court shall thereupon award such judgment as they shall, upon inquiry, find to be just and proper. Rev. Sts. *c.* 97, § 2. These statutory regulations determine the rights of the parties in the present case. The damages to be recovered by the plaintiff must include a compensation for all the injuries he has sustained by the act of the defendants, and for the improper treatment of the sheep while confined in the pound. As they are declared against jointly, they are liable only for acts jointly committed. Judgment must therefore be entered for the damages, reported by the assessor for the trespasses, committed on the 15th and 16th days of May, amounting to eighty-seven dollars, with interest from the date of the writ.

