COMMONWEALTH *vs.* REBECCA L. THRASHER.

Upon the trial of an indictment for adultery, evidence of acts of improper familiarity, amounting to adultery, between the same persons, before the time relied on as the time of the commission of the adultery charged, is inadmissible, either in corroboration of witnesses for the Commonwealth, or to show the disposition of the parties to commit the crime.

INDICTMENT containing two counts, charging adultery with Parmenius Pierce on the 10th of January 1855, and the 15th of June 1856.

At the trial in the court of common pleas in Bristol, before *Aiken,* J., Patience Paul testified that the defendant, in a conversation with her in April 1855, said that she was in the fourth month of her pregnancy by Pierce; and that she afterwards saw improper familiarities between Pierce and the defendant.

Ellen Martin testified that she lived in the house of the defendant's husband during the summer of 1856; that Pierce boarded there; that the defendant, on two different occasions, was with Pierce alone in his bedroom with the door fastened; that once between these times the witness saw Pierce take the defendant in his arms, carry her into his bedroom, lay her upon his bed, and seat himself on the bed beside her; and that the witness saw other improper familiarities between them.

Benjamin Thrasher testified that in the latter part of Septem-

ber or beginning of October 1855 the defendant and Pierce " were on a lounge together, in her husband's house, when no other per son was in the house, in such an attitude as tended to prove an act of adultery at that time."

The district attorney elected to rely upon the evidence of Patience Paul, in support of the first count of the indictment; and upon the last occasion in which the defendant and Pierce were in his bedroom together, as testified to by Ellen Martin, in support of the second count.

The defendant requested the court to instruct the jury, that the charge being of a single act of adultery in each count, evidence of acts done at other times was incompetent and inadmissible and should not be weighed as evidence in the case.

The presiding judge declined so to instruct the jury; and instructed them " that evidence of prior acts of improper familiarity between the defendant and Pierce was competent and admissible, in corroboration of the testimony of Ellen Martin, and as tending to show the disposition of the parties to commit the crime, and as bearing on the probabilities of the commission of the crime on the occasions relied on by the government ; but that all acts subsequent to the occasion relied on by the government in support of each count were inadmissible, and not to be regarded as evidence in the case."

The defendant was found guilty on both counts, and alleged exceptions.

*J. Brown*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. To sustain the two counts in this indictment, charging the defendant with two distinct acts of adultery with Parmenius Pierce, the district attorney relied at the trial upon the case shown by the testimony of Patience Paul as that alleged in the first count, which from the evidence would have occurred in December 1854; and, in support of the charge in the second count, upon the last occasion when the defendant and Pierce were in the bedroom of Pierce, as testified to by Ellen Martin, which would have been in July or August 1856.

Upon reference to the evidence in the case, it will be seen that

the precise inquiry here is, whether it is competent to introduce
evidence tending to show a previous act of adultery between
these parties, in corroboration of the evidence as to what oc-
curred on the particular occasions relied upon in proof of the
offence charged, with the purpose of showing a disposition in
the parties to commit such crime, and as bearing on the proba-
bilities of its commission on the occasions alleged.  There is
nothing in the case to show that any evidence was admitted
of any act or any familiarity between the parties, subsequent to
the period of those acts relied upon to sustain the second count
n this indictment.   All the facts testified to by the witnesses,
and as to which exceptions have been taken, occurred prior to
that time.   The ruling of the court, refusing the prayer of the
defendant for the exclusion of all evidence of facts occurring at
other times and places than those relied upon by the government
to prove the particular offence for which a conviction was sought,
was, under the decision of this court in the case of *Commonwealth
v. Merriam*, 14 Pick. 518, correct, inasmuch as former acts of im-
proper familiarities between the defendant and Pierce were ad-
missible in evidence as corroborative of the evidence of Ellen
Martin, and as tending to show the disposition of the parties to
commit the crime imputed to them.   If the testimony of Ben-
jamin Thrasher, as to the facts he witnessed in September 1855,
tended to show nothing more than an act of improper familiarity,
and not a substantive act of adultery on that occasion, such
evidence would be admissible under the rule sanctioned by the
case we have referred to.   If, on the other hand, the evidence
objected to was in truth evidence of an act of adultery com-
mitted by the parties at that time, then the inquiry arises,
whether a previous act of adultery may be shown in corrobora-
tion of the evidence offered by the government to prove the
particular act of adultery charged in the second count of this
indictment.   That the evidence of Benjamin Thrasher tended
to prove an act of adultery in 1855, we must infer from the
language of the bill of exceptions, stating that evidence to have
been that the parties " were on a lounge together in such an
attitude as tended to prove an act of adultery."

Had this been a case of an offer to prove subsequent acts of adultery, the case of *Commonwealth* v. *Horton,* 2 Gray, 354, would have been decisive against its competency. The facts of that case confine the question actually decided to evidence of subsequent acts of adultery by the parties, although the general principles stated in the opinion seem to go further.

As a general rule in criminal trials, it is not competent for the prosecutor to give evidence of facts tending to prove another distinct offence, for the purpose of raising an inference of the prisoner's guilt of the particular act charged. The exceptions are cases where such evidence of other acts has some connection with the fact to be found by the jury, where such other fact is essential to a chain of facts necessary to make out the case, or where it tends to establish the identity of a party, or proximity of the person at the time of the alleged act, or the more familiar case, where guilty knowledge is to be shown on some particular criminal intent. Unless it can be made material for some such reasons as we have stated, evidence of the substantive offences of the like kind ought not to go to the jury. It is said, in 2 Greenl. Ev. § 47, that " where the charge is of one act of adultery only, in a single count, to which evidence has been given, the prosecutor is not permitted afterwards to introduce evidence of other acts, committed at different times and places." We understand Mr. Greenleaf to mean other similar offences, as he has just stated the exception allowing proof of prior acts of improper familiarity merely. *State* v. *Bates,* 10 Conn. 372.

*Exceptions sustained.*