## SLOAN POWELL *vs.* AARON BAGG.

If the plaintiff, in an action of tort for breaking and entering his close, counts on a trespass committed on divers days between two dates, and gives evidence of a single act of trespass committed at another time, he cannot be permitted also to prove a trespass within the time alleged.

METCALF, J. This was an action of tort, in which the plaintiff set forth in his declaration a breach and entry of his close, and a trampling down of his grass, by the defendant, on a certain day named, and on divers other days between that day and the day of the commencement of this action. At the trial, he introduced evidence of a breach and entry of his close on a day anterior to that first named in his declaration. He then offered evidence of other breaches and entries, but the court ruled that it was inadmissible. The ruling was excepted to, but we are of opinion that it was right. This precise point was decided by Lord Ellenborough in *Hume* v. *Oldacre,* 1 Stark. R. 351. And it is established law, that if a trespass be laid with a *continuando,* or on divers days between two dates, the plaintiff may give in evidence several acts of trespass, of the nature laid in the declaration, committed between these two dates; or, at his option, may give evidence of a single trespass, committed at some other time; but that he cannot do both. 1 Archb. N. P. (Amer. ed.) 406. 3 Stark. Ev. (4th Amer. ed.) 1441. 2 Greenl. Ev. §§ 229, 624. Accordingly, it was decided in *Pierce* v. *Pickens,* 16 Mass. 470, that on a declaration like that in the present case the plaintiff could not, after giving evidence of trespasses within the days specified, also give evidence of a trespass committed at any other time. *Exceptions overruled.*

*S. W. Bowerman,* (*H. W. Bishop* with him,) for the plaintiff.
*J. D. Colt,* for the defendant.