•Scott, Chief Judge.
As the precise time laid in the indictment is immaterial, the plaintiff in error might well have been convicted, on proof that he committed the offense charged,at any of the times in regard to which evidence was offered by the state. But the indictment contained but one count; the plaintiff in error stood charged by the grand jury with one single misdemeanor, with one specific criminal act. To this charge he had pleaded not guilty. A single issue was thus formed, which it was the province of the jury to determine, according to the evidence, under the instructions of the court. No evidence should have been admitted which was not relevant to that issue, and as that issue was limited to a single transaction, the evidence should have been restricted accordingly. The rule on this subject is thus clearly stated in 1 Bishop on Crim. Pro., sec. 460 : “ Where there is a single count, in an indictment for a misdemeanor, as well as in an indictment for felony, whatever the number of counts, the court will restrict the prosecutor, by so compelling him to elect as-shall prevent his giving evidence of more than the one transaction.” And in this doctrine, so far as we are aware, the adjudged cases agree. The People v. Jeness, 5 Mich. 305; Lovell v. The State, 12 Ind. 18; The People v. Hopson, 1 Denio, 574; Elam v. The State, 26 Ala. 48; Kinchlow v. The State, 5 Humph. 9; The State v. Bates, 10 Conn. 372.
In this case, the prosecutor offered evidence of a number of. distinct offenses, of the same character, extending over a period of four months, and for either of which, if fully proved, a conviction might have been sustained under the-indictment. So far as appears, this was done without objection. Whether, after offering evidence of a particular offense which would sustain the charge made in the indictment, the state should be permitted, against objection, to-offer evidence in proof of another substantive offense, is a question addressed, perhaps, to the sound discretion of the coui’t under the circumstances of the case. State v. Smith, 10 Conn. 74.
But, be this as it may, it was the clear right of the de *567 fendant to know, before entering on his defense, for what particular transaction he was being tried.
Having been arraigned .on a single charge, he should not have been required to defend against many charges. We are clear in the opinion that the court erred in' not requiring an election to be made by the prosecutor, when asked for by the party on trial. Of course, we do not- mean to 'controvert tbe doctrine that in classes of cases in which guilty knowledge, a particular intent, or a scienter, are essential ingredients in the offense charged, it is competent to prove these, if possible, by evidence of other criminal acts committed by the defendant about the same time. But such' evidence is only competent when it tends to prove some fact necessary to constitute the offense on trial.
The court also erred in directing the jury to consider all the evidence tending to prove any of the sales in regard to which evidence, had been offered. Under this charge, it was quite possible that part of the jury might base their verdict upon one act, and part upon anothef, and a verdict be thus rendered without an actual agreement of the jury. And it is very clear, that'after verdict, the plaintiff in error could not legally know of what particular specific offense he had been found guilty.

Judgment reversed, and cause remanded for new trial.-

■ Day, Wright, Johnson, and Ashburn, JJ., concurred.