This case is brought before us from the Court of Common Pleas, by exceptions, alleging error in the rulings of that court.
The first error alleged is that the court below overruled a motion *Page 253 
to quash the indictment for a defect in the constitution of the grand jury. The motion set forth that one of the grand jurors resident in Providence was incompetent to act because he was not qualified to vote upon any proposition to impose a tax, or for the expenditure of money in any town or city in the State. In support of the motion the affidavit of James C. Hidden, one of the assessors of taxes of the city of Providence, was produced, which set forth that the grand juror had not since October 13, 1876, been taxed for any real or personal estate in the city of Providence. The indictment was found at the December term of the Court of Common Pleas, A.D. 1877.
We think the proper mode of taking advantage of a defect in the constitution of the grand jury, not apparent on the record, is by plea in abatement, which of course must precede a plea of not guilty, and, if the defect can be taken advantage of by motion to quash, that the motion must likewise precede a plea of not guilty, which in the case at bar it does not appear to have done. 1 Bishop Crim. Proc. §§ 730, 756; The People v.Robinson, 2 Park. Cr. 235, 311; State v. Carver, 49 Me. 588, 591.
Moreover the exceptions do not show upon what ground the motion was dismissed. It may have been dismissed for want of satisfactory proof of the alleged disqualification. The affidavit, if true, is not conclusive; for the juror, though not taxed, may have been qualified under Article 2, § 1, of the State Constitution.
The second error alleged is the refusal of the court below to quash the first count of the indictment. The first count charged that the defendant "did obstruct one Andrew J. Patt, he the said Andrew J. Patt then and there being a civil officer, to wit, a police constable of said Lincoln, and then and there being in the execution of his said office, against the form of the statute,"c. The defendant contends that the count is insufficient in two respects, namely, first, because it does not aver that the defendant knew the officer to be an officer when he obstructed him; and second, because the count does not set forth what official duty the officer was discharging when he was obstructed, or what was done to obstruct him.
The court is of the opinion that the first count is fatally defective in not averring that the defendant knew the officer to be *Page 254 
an officer when he obstructed him. Commonwealth v. Kirby, 2 Cush. 577; Commonwealth v. Cooley, 6 Gray, 350; State v.Downer, 8 Vt. 424, 429; Kernan v. The State, 11 Ind. 471;United States v. Tinklepaugh, 3 Blatch. 425; United States
v. Keen, 5 Mason, 453; Commonwealth v. Israel, 4 Leigh, 673; State v. Hilton, 26 Mo. 199.
We also think the first count is defective in not setting forth what official duty the officer was performing and what was done to obstruct him in its performance, though we are not prepared to go so far as some of the cases which hold that, if the officer was engaged in the service of a writ or warrant, it is not enough to have the writ or warrant designated, but it must be set forth in totidem verbis. State v. Downer, 8 Vt. 424;State v. Burt, 25 Vt. 373; Lamberton v. Ohio, 11 Ohio, 282; Faris v. The State, 3 Ohio St. 159; Commonwealth v.Stout, 7 B. Mon. 247. Simply to charge in the language of the statute that the accused obstructed the officer, is extremely vague and uncertain. The language of the statute previous to the last revision was much more full and explicit than it is now, and hence probably the practice of charging the offence simply in the language of the statute has not previously attracted criticism.
The attorney general contends that even if the first count in the indictment is defective, a motion to quash it on that account, being addressed to the discretion of the court, is not revisable for error and that therefore the exception cannot be sustained. And there are cases which go to that effect.
We think, however, where the motion is grounded on a fatal defect apparent on the record, that no good end is served by refusing revisal, and under our statute we think the exception may properly be sustained.
The third error alleged is that the court below refused to compel the attorney general to elect on which count or for which assault he would proceed.
We think the exception cannot be sustained. A motion to compel a prosecutor to elect upon which of several counts in an indictment he will go to trial, is always addressed to the discretion of the court and is not revisable for error. And we think the court properly refused to compel the attorney general to elect for which of the so-called several assaults he would proceed, inasmuch *Page 255 
as they all appear to have been part and parcel of the same transaction.
No question is made in regard to the sufficiency of the second count, which is a count for assault and battery.
We overrule the first and third exceptions; we sustain the second exception and quash the first count of the indictment, and we remand the cause to the Court of Common Pleas for sentence on the second count, being of the opinion that the defendant is not entitled to a new trial because the verdict was against the evidence.