## STATE *vs.* PATRICK NAGLE.

When an indictment charges an offence with a *continuando,* evidence is admissible to prove the commission of the offence at any time within the period alleged.

When an indictment charges an offence as committed on a given day, evidence is admissible to prove the commission of the offence either on the given day or on any other day before the finding of the indictment and within the period of limitation, but only on one day.

When an indictment charges an offence as committed on a given day and the prosecutor wishes to introduce evidence of its commission on another day, he should specify before-

hand the day to which his proof will apply, otherwise he will by introducing evidence referring the offence to one day be confined to that day.

When an indictment charged an offence as committed on a given day and evidence at the trial was admitted tending to prove the commission of the offence on other days also:

*Held,* that the prosecutor should have been required to specify the day on which he would go to the jury.

A motion for a bill of particulars is addressed to the discretion of the court.

A motion to continue a case on account of surprise is addressed to the discretion of the court. Such motions are not revisable on a bill of exceptions.

Pub. Stat. R. I. cap. 204, § 34, providing that "in any case the court may, and upon the request of either party it shall, direct the jury to return a special verdict upon an issue submitted to the jury," does not apply to criminal prosecutions.

EXCEPTIONS to the Court of Common Pleas.

This case was a complaint against the defendant brought in the Justice Court of the town of Pawtucket, for illegally keeping for sale intoxicating liquors in said town, October 13, 1883. The defendant, after conviction in the Justice Court, appealed to the Court of Common Pleas. In the latter court the defendant asked for a bill of particulars, stating specifically the time and place of the alleged illegal acts, which the State intended to prove. The State specified the place but refused to specify the time, claiming the right to offer evidence as to any day or any number of days within two years prior to the date of the complaint. The presiding justice refused to order a specification of the time and the defendant excepted.

In the Court of Common Pleas the State offered evidence to the jury of the defendant's guilt on October 13, and then put in evidence tending to show his guilt on August 11, 1883, September 30, 1883, and October 7, 1883, whereupon the defendant asked for a continuance of the case, alleging surprise. The presiding justice refused the continuance and the defendant excepted. The defendant then asked the court for an order directing the State to elect upon which day it would claim that the defendant committed the offence. The presiding justice refused this request and the defendant excepted. The evidence as to days other than October 13 was admitted against the defendant's objection and the defendant excepted.

After the evidence had been closed the defendant asked the court for an order directing the jury to bring in a special verdict as to the day on which the offence was committed. The presiding justice refused the request and the defendant excepted.

Pub. Stat. R. I. cap. 204, § 34, provide:

"No action shall be defeated by the misjoinder of parties, if the matter in controversy can be properly dealt with and settled between the parties before the court; and the court may order any party improperly joined in any action to be stricken out, or may, upon such terms as may be proper, order any other person to be made a party to such action, and to be summoned in to answer thereto; and in any case the court may, and upon the request of either party it shall, direct the jury to return a special verdict upon an issue submitted to the jury."

*January* 17, 1884. DURFEE, C. J. A motion for a bill of particulars is a motion addressed to the discretion of the court, and as such is not revisable for error on a bill of exceptions. *Commonwealth* v. *Giles,* 1 Gray, 466; *Commonwealth* v. *Wood,* 4 Gray, 11; *Chaffee* v. *Soldan,* 5 Mich. 242; *State* v. *Hood,* 51 Me. 363. The first exception is, therefore, overruled. For the same reason the exception for the refusal of the court below to grant a continuance asked for by the defendant on the ground of surprise must be overruled.

The complaint, dated October 19, 1883, charges the defendant with illegally keeping intoxicating liquors for sale on October 13, 1883. On the trial the State first introduced certain testimony tending to prove the commission of the offence October 13. The witness was then asked by the prosecution if he had been near or at the defendant's premises before October 13. The record shows that the question was objected to, allowed, and exception reserved. Testimony was then introduced tending to show the commission of the offence on divers days before October 13, to wit: on October 7, September 30, and August 11. Thereupon the defendant moved that the prosecution, inasmuch as it had introduced testimony tending to prove the commission of the offence on several different days, be compelled to elect on which day it claimed that the defendant was guilty of the offence charged. The motion was denied and an exception reserved.

An offence may be charged to have been committed either on some one particular day, or, if it have continuance, on a series of days, under a *continuando.* A charge in the latter form is usually made by charging the commission on two days, more or less widely

separated, the latter generally being designated as the day of the finding of the indictment or of the making of the complaint, and on divers days and times between them. When it is so made, testimony is admissible to prove the commission of the offence at any time within the period alleged. It has been held that the offence of illegally keeping intoxicating liquors for sale may properly be charged under a *continuando*. *Commonwealth* v. *Snow*, 14 Gray, 20 ; *Commonwealth* v. *Chisholm*, 103 Mass. 213. When the offence is alleged to have been committed on some one particular day, it is well settled that testimony may be adduced to prove the commission either on the day mentioned or on any other day before the finding of the indictment or the making of the complaint, within the period of limitation, but not to prove the commission on more than one day. *Commonwealth* v. *Kelly*, 10 Cush. 69 ; Wharton on Criminal Evidence, § 103. When the offence is charged as having been committed on a particular day, and the prosecutor has testimony which he wishes to introduce applying to other days, it is advisable for him, in order to avoid any misunderstanding, to specify beforehand the day on which he undertakes to prove the offence. If he neglects to do this, and begins by introducing testimony which directly tends to prove the charge on some particular day, he will be held to have elected that day as the day on which he is to prove the offence, though he may prefer a different day. *State* v. *Bates*, 10 Conn. 372 ; *The People* v. *Jenness*, 5 Mich. 305, 327 ; *Stante* v. *Bricket*, 1 Camp. 473 ; *Sedly* v. *Sutherland*, 3 Esp. 202 ; *Pierce* v. *Pickens*, 16 Mass. 470. Applying these rules to the case at bar, the prosecution having begun by submitting testimony to prove the offence October 13 ought to have been confined to that day. We do not mean by this that no testimony relating to other days was admissible, because testimony relating to other days may have had a tendency to prove the offence on October 13, but only that testimony was not admissible to prove the offence on other days. The exception to the admission of testimony in regard to other days, if we look simply to the exception, is not explicit. If, however, we look to what follows in the record, it seems to be clear that the purpose of the question which was objected to was to introduce testimony to prove the offence on other days than October 13, and that the

purpose of the objection was to prevent it. We think the exception, so regarded, should be sustained. We think also that testimony to prove the offence on other days having been admitted, the prosecution ought to have been required to specify the day on which it would go to the jury. Without such specification the defendant, who was charged with committing the offence on only one day, was called on to defend himself, by evidence and argument, against a prosecution for committing it on four different days. This was manifestly wrong. The jury, too, who were empanelled to try the defendant on a charge of committing the offence on one day, were required to hear and consider evidence going to show his guilt on four days, and to find him guilty if they thought him guilty on any one of said days. It was certainly for the court or prosecution to define for the jury specifically what the charge was and to demand from them simply a verdict of guilty or not guilty on the charge as thus defined. We think, therefore, under the peculiar circumstances of the case, that the exception on this point should be sustained.

The last exception is for the refusal of the court below to direct the jury to render a special verdict, stating the day on which they might find the defendant guilty of the offence charged. It was, perhaps, within the discretion of the court to have granted this request, but we know of no law by which it was required. Pub. Stat. R. I. cap. 204, § 34, does not extend to criminal complaints. The exception is overruled.

*Exceptions sustained in part, and cause remanded for a new trial.*

*Samuel P. Colt*, Attorney General, for plaintiff.

*Charles E. Gorman & Hugh J. Carroll*, for defendant.