## STATE *vs.* CECIL V. BROWN.

### JANUARY 19, 1923.

PRESENT: Sweetland, C. J., Vincent, and Sweeney, JJ.

*(1)   Indictments.   Joint Defendants.   Murder.*

An indictment which charges several defendants with discharging a revolver upon the body of deceased, properly charges the defendants as principals in the murder and is not uncertain or contradictory in that regard.

*(2)   Indictments.   Joint Defendants.   Murder.*

An indictment against several defendants charging them with murder is not defective in that they are not set out as principals as they were principals *ex necessitate rei,* and especially when the State filed a bill of particulars showing whom they intended to prove fired the shot.  .

*(3)* . *Criminal Law. Motion to Quash.*

A motion to quash is addressed to the discretion of the court and can only be granted for defects apparent on the record.

*(4) Criminal Law. Indictments. Evidence.*

Even if illegal and incompetent evidence has been received by a grand jury, an indictment will stand where there is other evidence upon which the jury might have based its conclusion.

*(5) Jurors. Criminal Law. Challenges.*

Joint defendants in an indictment are but one party so far as concerns their right to challenge jurors.

*(6) Criminal Law. Qualification of Jurors.*

Where the court finds no abuse of the discretion of the trial court in passing upon the qualifications of jurors and in permitting them to sit or in excusing them, its action will not be disturbed.

*(7) Criminal Law. New Trial. Jurors.*

After verdict a new trial will not be granted because of the disqualification of a juror unless it is clear that the jury was not an impartial one and that in consequence the defeated party has not had a fair trial.

*(8) Criminal Law. Confessions.*

A defendant who is under arrest, is not *ipso facto* under duress so that any statement he may make while in that situation must be deemed to be involuntary and therefore inadmissible.

*(9) Criminal Law. Confessions.*

Statements of a defendant made without threats compulsion or inducement are voluntary.

*(10) Criminal Law. Confessions. Admissions.*

Where a defendant stated that he shot deceased, it is immaterial whether such statement be called a confession or an admission, for a confession of guilt is an admission of the criminal act itself.

*(11) Criminal Law. Confessions.*

The rights of a defendant are fully protected by a charge that a confession was only *prima facie* evidence and was admitted for what it was worth; that it must be voluntary and if the jury found it was unfairly obtained it was their duty to disregard it.

INDICTMENT. Heard on exceptions of defendant and overruled.

VINCENT, J. Dr. Charles Franklin Mohr was shot in Barrington on the evening of August 31, 1915. He was, at the time, on his way in an automobile from Providence to

his summer residence at Newport. He was accompanied by his housekeeper, Miss Emily Berger. The chauffeur, one Healis, under the pretense of engine trouble, had stopped the car, alighted, raised the hood, and was in the act of inspecting the engine. Almost immediately the occupants of the car were shot at from the rear. One bullet entered the back of Dr. Mohr's head and penetrated the brain. He died from the effects of this wound on the following day. He also received a second wound in the back.

. At the same time Miss Berger was shot in the neck. . She jumped from the automobile and evaded further injury.

The scene of the shooting was on Washington road in Nayatt, a short distance north of the Lake Drive road, and near the grounds of the Rhode Island Country Club.

At the September term of the Grand Jury for Providence and Bristol Counties, 1915, Cecil Victor Brown, Henry H. Spellman, and George W. Healis were jointly indicted for the murder of Dr. Mohr, and Elizabeth F. Mohr, wife of Dr. Mohr, was also indicted with said defendants as an accessory before the fact.

Prior to the trial of the indictment before the jury, the defendant Healis pleaded nolo to manslaughter and his sentence was deferred. The trial proceeded against the defendants Brown, Spellman, and Mohr.

The jury rendered a verdict of "not guilty" as to the defendant Mohr, who was thereupon discharged, and a a verdict of "guilty" as to the defendants Brown and Spellman. The defendant Spellman has since died in jail. The defendant Brown is now prosecuting his exceptions, arguments thereon having been presented to this court December 20, 1922. The bill as originally presented to the trial judge for allowance comprised eighty-six exceptions. Two were disallowed and sixty-one of the remainder are now waived by the defendant.

The first exception of the defendant is to the decision of the Superior Court overruling his demurrer to the indictment.

The first ground of demurrer was that the indictment does not charge any crime known to the law.

An examination of the indictment discloses that each of the defendants Brown, Spellman, and Healis was specifically charged with murder.

The second and third grounds of demurrer were that the indictment is contradictory and uncertain in that it charges the defendants Brown, Spellman, and Healis with discharging a certain revolver in and upon the body of said Mohr.

(1) These three defendants were principals and were therefore properly charged as such in the indictment. The evidence shows that the actual shooting which resulted in the death of Dr. Mohr was done by Brown, but all three of them were engaged in the commitment of a murder. There was testimony as to the part which each of them took in the affair.

Brown admitted that he discharged the revolver upon Mohr and Spellman admitted that he was present and assisted. Healis pleaded nolo to manslaughter and his sentence was deferred.

The defendant Brown, while conceding that the indictment contains no allegation of a conspiracy, argues that the "prosecution was built up and tried out on the theory that there was a conspiracy among the defendants to commit the crime charged" and therefore "it was necessary for them to allege and prove a conspiracy if they wish to hold the several defendants responsible for the acts of the co-defendants."

This argument does not impress us as being sound or even plausible. At the trial of the case, Brown, Spellman, and Mrs. Mohr were represented by different attorneys, each of whom looked after the interest of his particular client, and evidence was submitted by the State showing to the satisfaction of the jury that Brown was guilty of murder.

The prosecution was not seeking to make Brown responsible for the acts of the other defendants but was simply holding him accountable for his own part in the transaction.

"The rule is established beyond question that all who participate in the commission of a crime are severally responsible to the State as though the crime had been committed by any one of them acting alone; there is no such thing as division of responsibility among the several participants in a crime. Based on this truth it has been held that although joint actors in the commission of a crime are jointly tried and convicted, each may be separately punished as if he had committed the offense alone and must respond in full to his own separate sentence." 8 R. C. L. p. 258.

(2) The fourth ground of demurrer is that the indictment is defective in that it does not set forth that Brown, Spellman, and Healis were principals. We see no merit in this contention. They were indicted for murder and were principals *ex necessitate rei.* The addition of the word "principals" would be simply superfluous. Besides, on motion of the defendant, the State was ordered to file a bill of particulars in which it was distinctly set forth that it was the intention of the State to prove that Brown fired the shot which killed Mohr.

The fifth and sixth grounds of demurrer relate to Mrs. Mohr and do not raise any questions as to the validity of the indictment against the defendant Brown. We think the demurrer was properly overruled.

(3) The demurrer of the defendant having been overruled, he next filed a motion to quash the indictment on the ground that it was obtained by incompetent evidence submitted to the grand jury. The motion was denied by the trial court and such denial forms the basis of the defendant's second exception. This exception is set forth in the defendant's brief but is not followed by any supporting argument or any statements to the effect that the record furnishes any foundation for it.

A motion to quash is addressed to the discretion of the trial court and can only be granted for defects apparent on the record. *State* v. *Watson,* 20 R. I. 354; *State* v. *Collins,* 24 R. I. 242. Even if illegal and incompetent evidence has

been received by a grand jury, the indictment will stand where there is other evidence upon which the jury might have based its conclusion.   20 Cyc. 1347.

The defendant's fourth exception raises the question as to his right to challenge one juror in every four irrespective of the exercise of that right by the other defendants.

To accord the defendant such a right would have resulted in the present case in enabling the three defendants, collectively, to peremptorily challenge nine jurors out of every twelve.

The statute provides, Gen. Laws, Chap. 291, Sec. 2, that either party in any civil action or criminal proceeding may challenge, not exceeding one in four, any of the qualified jurors called for the trial thereof.

In *State* v. *Sutton,* 10 R. I. 159, this court held that, "However numerous the defendants may be, they are together but one party, and so of plaintiffs," and that decision was later affirmed in *State* v. *Ballou,* 20 R. I. 607.

Counsel for the defendant, in his brief, says that while he had heretofore assumed that the case of *State* v. *Sutton, supra,* was controlling upon this point he is now shaken in that opinion by the decision of this court in *State* v. *Brown,* 40 R. I. 527.

We do not think that that case has any bearing upon the question which we are at present discussing.   The decision in that case was simply to the effect that one defendant cannot avail himself of an exception taken by another defendant where he did not raise the question himself, join in the motion or was in any way interested therein.

The fifth exception of the defendant is to the decision of the trial justice excusing a juror and the sixth and seventh exceptions to his decision finding two jurors qualified and permitting them to sit upon the panel.

These are matters coming within the discretion of the presiding justice.   From an examination of the testimony relating to jurors, we find no abuse of that discretion but on the contrary that the action of the trial court, as to each of

them, was judicious and in no way prejudicial to the rights of the defendant.

The rule is well settled in this State that after verdict a new trial will not be granted because of the disqualification of a juror unless it is clear that the jury was not an impartial one and that in consequence the defeated party has not had a fair trial. *Stevens* v. *Union Railroad Co.*, 26 R. I. 90; *Sansouver* v. *Glenlyon Dye Works*, 28 R. I. 539; *Davey* v. *Rhode Island Company*, 29 R. I. 49; and *McHugh* v. *Rhode Island Company*, 29 R. I. 206.

The fourteenth and fifteenth exceptions are to the admission of the alleged confession of the defendant which it is claimed was made under duress and, therefore, was not voluntary and should have been excluded.

The defendant goes to the extent of asserting that being under arrest and in custody he was *ipso facto* under duress and that any statement which he might have made while in that situation must be deemed to be involuntary and therefore inadmissible. With this proposition we cannot agree. The question is, were the statements of the defendant that he fired the shot which resulted in the death of Dr. Mohr made without threats, compulsion or inducement? If they were so made they were voluntary. That they were so made sufficiently appears from the testimony relating to that subject.

The defendant undertakes to make a distinction between a confession and an admission but we do not think, at least so far as the present case is concerned, that any discussion of that point is required. The defendant having said that he shot Dr. Mohr, we think it is quite immaterial whether that statement be called a confession or an admission. As the court said in *State* v. *Red*, 53 Iowa 69, a confession of guilt is an admission of the criminal act itself. According to the testimony the defendant was advised that he was not obliged to talk, and need not, unless he wished to do so. Later, in the trial of the case, the justice who presided was most careful in safeguarding the rights of the defendant in that

particular matter, stating that the confession was only *prima facie* evidence and was admitted for what it was worth.

Furthermore the trial judge in his charge to the jury said, "In order to make a confession good testimony, it must be voluntary, it must not be the results of duress or threats of violence or promises of reward or fear of injury. . . . If you should find that these confessions were unfairly obtained, if you should find that the confessions were not true, then it would be your privilege and duty to disregard them."

From our examination of the testimony and the charge of the court, so far as they relate to the admission of the defendant, we find nothing amounting to reversible error nor anything which would justify an inference that the defendant suffered from the denial of any right which he might reasonably assert.

The defendant also excepted to the refusal of the trial justice to charge the jury in accordance with his fourteen requests. The matters contained in such requests appear to have been covered in the charge already given and were therefore properly refused.

The several other exceptions of the defendant, which we have not specifically discussed but which we have examined, fail to set forth any reversible error and we do not find it desirable to extend this opinion by giving to each of them special consideration.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Herbert A. Rice, Attorney General,* for State.
*John B. Edwards,* for defendant Brown.