STATE *vs.* CHARLES DOUGLAS.

FEBRUARY 21, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

62

CONDON, J. This is a criminal complaint brought on behalf of the state by the Rhode Island Society for the Prevention of Cruelty to Animals. The respondent was originally tried thereon and convicted in the sixth district court. He appealed to the superior court where he was found guilty by a jury. The case is here on his bill of exceptions to certain rulings of the trial justice during the trial and to certain parts of the charge to the jury.

The complaint charges that respondent who had the custody of twelve certain dogs did, on July 30, 1948 at Providence, unnecessarily fail to provide them with proper food, drink, shelter and protection from the weather in violation of general laws 1938, chapter 640, §1. On arraignment in the district court respondent did not file any motion or special plea attacking the form or the sufficiency of the complaint but pleaded not guilty and was tried on that plea. After the case had been certified on his appeal to the superior court he did not request permission of that court to file such a motion or plea. Accordingly the case was assigned to May 12, 1949 for jury trial on his plea of not guilty. However, on that day and without first having obtained the court's permission, he filed a motion to quash the complaint. The trial justice heard the motion informally in his chambers and denied it. Respondent excepted to such denial and this exception is one of those set out in his bill of exceptions.

In the circumstances this exception is clearly without merit. A motion to quash is addressed to the trial justice's discretion. *State* v. *Watson*, 20 R. I. 354. It may not be

made at any time respondent chooses but must be made if at all in the regular order of pleading and, if a not guilty plea has been filed, only with the permission of the court. *State* v. *Maloney,* 12 R. I. 251. It is elementary that a respondent on his arraignment "may answer by motions, by a dilatory plea, by demurrer, or by a plea in bar according to the nature and scope of his defence." Robinson, Elementary Law (rev. ed.) §596, p. 670. Such order of pleading is according to firmly-established principles of common-law pleading. The practice in this state is to file such defenses together, or, if a plea of not guilty is entered, to request at that time permission to file special pleas or motions later. Without such permission the filing of another plea, while the plea of not guilty stands, is improper. *State* v. *Watson,* 20 R. I. 354, 360. See *State* v. *Barella,* 73 R. I. 367, and *State* v. *Brown,* 45 R. I. 9, where this rule of criminal pleading is referred to and *State* v. *Watson* is cited. See also *State* v. *Hand Brewing Co.,* 32 R. I. 56, and 22 C.J.S. Criminal Law §416.

The application of that rule in the circumstances here is especially appropriate. Respondent never challenged the complaint in the district court and did not do so in the superior court until after the pleadings were closed and the case was actually called for trial on the merits. Inasmuch as a motion to quash lies only for defects apparent on the face of the complaint, respondent's belated filing of the motion would seem to be attributable to a gross lack of diligence or to a design for mere delay. In either case it would not be an abuse of discretion to deny the motion. Respondent's exception is overruled.

Over respondent's objections, evidence in several particulars of the sickly condition of a dog which had been purchased from respondent on July 29, 1948 was admitted. He excepted to such rulings and argues here that they were erroneous because that evidence was neither relevant to nor probative of the issue on trial, namely, the condition of the twelve dogs in his custody on July 30, 1948. We

think such evidence was preliminary in nature and not intended to be probative of the precise issue; but assuming that it was not admissible, the error if any was in each instance harmless. There was ample evidence, separate and apart from and entirely independent of such objectionable evidence, on which the jury could have based their verdict that respondent was guilty beyond a reasonable doubt of the specific offense charged against him in the complaint. In the circumstances the alleged erroneous rulings were harmless and respondent's exceptions thereto are overruled.

Respondent has briefed and argued together several exceptions to rulings of the trial justice admitting evidence concerning improper feeding and care of the twelve dogs prior to July 30, 1948, the date on which it is alleged in the complaint that he was derelict in his duty under the statute. He contends in substance that since he is charged with offenses on a specific date without a *continuando,* evidence relating to his conduct on any other day prior thereto is inadmissible. In support of such contention he cites *State* v. *Nagle,* 14 R. I. 331. That case in our opinion does not support so broad a proposition; on the contrary it appears from what the court said at page 334 thereof that it recognized "testimony relating to other days was admissible" because such testimony may have a tendency to prove the offense on the day charged. What the court actually held was that such testimony could not be admitted for the purpose of proving the offense on other days in the absence of a *continuando* in the complaint.

In the case at bar the evidence was introduced not to prove any offense on another day but solely for the purpose of showing how the condition of the dogs on July 30, 1948 arose. In *State* v. *Persons,* 114 Vt. 435, where a simliar complaint was involved like evidence relating to a time prior to the date alleged in the complaint was held admissible, the court saying: "If the condition of the cattle on March first was due to lack of proper food the under-

feeding must then have continued for some time, and evidence of their condition on January 13th was not, as a matter of law, too remote." Respondent's exceptions are overruled.

Several witnesses who had observed the dogs on respondent's premises on July 30, 1948 testified substantially as to their general appearance and physical condition, and as to whether they or some of them had the mange, whether they appeared to have been properly fed, or whether they had been otherwise properly cared for. Those witnesses, although not veterinarians, had had long practical experience in the handling and care of dogs. One other lay witness testified solely as to the appearance of the dogs after he had observed them and he did not, in our opinion, give expert testimony. Respondent objected to the admission of all such testimony, however, on the ground that the witnesses not being veterinarians were not qualified to give expert testimony. Whether or not a witness is competent to testify as an expert rests in the discretion of the trial justice subject to review by this court only for abuse of such discretion. *Ennis* v. *Little & Co.*, 25 R. I. 342; *Eastman* v. *Dunn*, 34 R. I. 416; *State* v. *Prescott*, 70 R. I. 403. In view of their long practical experience in handling dogs and in view of the nature of their testimony, which was not strictly medical testimony, the trial justice did not abuse his discretion in allowing the witnesses in question to testify as they did. Respondent's objections to such testimony really go to its weight rather than to its admissibility. His exceptions are therefore overruled.

Respondent has briefed and argued several exceptions to rulings of the trial justice excluding certain testimony which respondent sought to introduce. With one exception these will not be treated here as they are either clearly without merit or are based on the same reasons which were advanced in support of exceptions which we have already overruled. The one exception which we will now consider is to the exclusion of testimony concerning

the qualifications of Dr. Ferguson, a veterinarian called by the respondent.

After Dr. Ferguson was sworn counsel for the state expressly admitted his qualifications. Respondent nevertheless proceeded to interrogate him concerning them but upon objection by the state he was stopped by the court. He contends that this was prejudicial error as, in view of the conflicting expert testimony before the jury, it tended to deprive Dr. Ferguson's testimony of the weight which would have attended it if the jury had been allowed to learn his scholastic qualifications and the extent of his professional experience. Respondent has cited no authority for his contention. We are aware of none in this state or elsewhere. Ordinarily evidence of the qualifications of a witness proferred as an expert is solely for the court to enable it to pass upon his competency. Where the other side admits that the witness is qualified, and the court is satisfied of that fact, there would appear to be no need of further evidence of qualification. At least in those circumstances there would be no prejudicial error so long as the jury had a fair opportunity to weigh his actual testimony as against that on the other side. Respondent's exception is therefore overruled.

Respondent excepted to two portions of the charge. We need not discuss the first exception as it is based upon the same ground as the one which we overruled above wherein he contended that certain evidence relating to a time prior to July 30, 1948 was inadmissible in the absence of a *continuando* in the complaint. The second exception is to another portion of the charge where the trial justice characterized the case as one that is important to the state though some people might call it trivial. He then proceeded to point out that the statute under which the complaint was brought was enacted for the purpose of protecting dumb animals against abuse.

Respondent complains that this comment prejudiced the jury because it stressed the state's side of the case without

also pointing out the importance of his side. Assuming that such comment may be considered as reviewing the evidence, which we doubt, he contends that it violates the rule laid down by this court in *Demara* v. *Rhode Island Co.*, R. I., 103 A. 708, substantially to the effect that where the trial justice in his charge undertakes to refer to or review the evidence he must do so impartially. Taken out of its context the part of the charge objected to may seem to stress only the state's side of the case but when the whole charge. is. read it is clear beyond question that the trial justice also stressed the rights of the respondent. He specifically pointed out to the jury that respondent would be entitled to their verdict if they were not convinced that the state had proved its case beyond a reasonable doubt. He particularly stressed that they alone were the judges of what the evidence proved. And he further emphasized that in reaching their verdict they were to be governed by their recollection of the evidence without regard to what he said it was. From our reading of the charge in its entirety we are satisfied that the part to which respondent has objected, even if it be considered as reviewing the evidence, does not violate the rule of impartiality laid down in the *Demara* case, *supra,* and could not have prejudiced the jury against him. His exception thereto is overruled.

The respondent's other exceptions, although not specifically referred to herein, have been considered and found to be without merit.

All of the exceptions are overruled, and the case is remitted to the superior court for further proceedings.

MARCH 30, 1951.

MOTION FOR REARGUMENT.

PER CURIAM. After our decision in the above case the defendant asked and received permission to file a motion for reargument. Pursuant to this permission he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument

of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*William E. Powers*, Attorney General, for State.

*Francis J. O'Brien*, for Rhode Island Society for the Prevention of Cruelty to Animals.

*Kirshenbaum & Kirshenbaum*, for respondent.