## COURT OF APPEALS,

### January 23, 1912.

## THE PEOPLE v. MICHAEL LAMBRIX.

### (204 N. Y. 261.)

BETS AND WAGERS—HORSE RACES—PENAL LAW, § 986—WHEN RECEIVING MEMORANDUM NOT SUFFICIENT.

The defendant is charged with the crime of receiving, recording and registering bets and wagers upon the result of a horse race. The evidence shows that the defendant did make bets with certain persons on a horse race, but there is no evidence that he recorded or registered a bet in any other way than by receiving a memorandum made by the party with whom he bet. *Held*, that this memorandum was not made on his behalf and that making a bet or wager unaccompanied with record or registry was not at the time of this transaction a violation of the provisions of section 986 of the Penal Law.

People v. Lambrix, 143 App. Div. 956, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 5, 1911, which affirmed a judgment of the Erie County Court rendered upon a verdict convicting the defendant of a violation of section 986 of the Penal Law in having received, registered and recorded a bet.

The facts, so far as material, are stated in the opinion.

*Eugene M. Bartlett* for appellant. The making of the bets by the defendant with the three or any one of the persons named in the indictment did not constitute a crime. (People v. McLaughlin, 128 App. Div. 609; People v. Stedeker, 175 N. Y. 62; People v. Sterling, 60 Misc. Rep. 326; People v. Langan, 196 N. Y. 266.) Inasmuch as the evidence did not tend to show the violation by defendant of section 986 of the Penal

Law, as construed by the court, the motion of defendant's counsel at the close of the People's case and again at the close of all the evidence for the dismissal of the indictment should have been granted. (People v. Wynn, 35 N. Y. S. R. 487.) The receipt by defendant of slips or memoranda of the bets with either Green, Martin or Olldorf did not constitute a violation of section 986 of the Penal Law. (People v. McLaughlin, 128 App. Div. 611.)

*Wesley C. Dudley,* District Attorney (*Guy B. Moore* of counsel), for respondent. The People's evidence amply sustained the charge in the indictment and the verdict of the jury. (People v. Albert, 13 App. Div. 224, 200 N. Y. 568; People ex rel. Collins v. McLaughlin, 128 App. Div. 599; People ex rel. Lichtenstein v. Langan, 196 N. Y. 260; People v. Stedeker, 175 N. Y. 57; People ex rel. Sterling v. Sheriff, 60 Misc. Rep. 326.) The receipt by the defendant of slips or memoranda of the bets with either Green, Martin or Oldorff did constitute a violation of section 986 of the Penal Law, provided that in making those bets the defendant was engaged in the business of gambling and was holding himself out to bet with all comers. (People v. Langan, 196 N. Y. 266.) It was not error for the court to leave it to the jury to determine as a matter of fact whether the facts proved constituted a registering and recording under the statute. (People v. Bauer, 37 Hun, 407; People v. Martel, 138 N. Y. 595, 600.)

CULLEN, CH. J.:

The defendant was indicted in March, 1910, for a violation of the provisions of section 986 of the Penal Law which deals with poolselling, bookmaking, registering and recording of bets and wagers, and similar matters. The indictment contains six counts. The first charged the defendant with keeping and occupying a room with books, papers, apparatus and paraphernalia

for the purpose of recording and registering bets and wagers and selling pools; the third with keeping, exhibiting and employing devices and apparatus for the purpose of recording and registering bets and wagers and selling pools; the sixth with being the occupant and lessee of a certain room and therein keeping and exhibiting devices and apparatus for the same purpose. At the close of the prosecution these counts were dismissed. The remaining three charged the defendant with the crime of receiving, recording and registering bets and wagers upon the result of a horse race, and on them the case was submitted to the jury. The defendant was convicted and the judgment on that conviction unanimously affirmed by the Appellate Division. The affirmance being unanimous, this court is precluded from considering the objection raised by the defendant that the evidence was insufficient to warrant the conviction. (People v. Maggiore, 189 N. Y. 514.) The substantial question in the case, however, is raised by an exception to the court's refusal to charge as requested by the defendant. This exception survives the unanimous affirmance. (McGuire v. Bell Telephone Co. of Buffalo, 167 N. Y. 208.)

The evidence in support of the prosecution shows that the defendant did make bets with certain persons on a horse race. There was no evidence to show that he recorded or registered a bet in any other way than by receiving a memorandum made by the party with whom he bet. The court instructed the jury that the making of an ordinary bet on a horse race was not a violation of the Penal Law, unless the person making the bet made some record or registry of it, or it was accompanied with the use of some part of the paraphernalia of the professional gambler, of which last there was no evidence in the case. Thereupon the defendant requested the court to charge that if the defendant made a bet with Oldorff, it was not a violation of the Penal Law for him to accept from Oldorff a record or memorandum of the same, to which the court responded: " I will

charge if the jury do not find fairly that he accepted this memorandum, and thereby and by having it for some appreciable time registered and recorded a bet, they could not find him guilty." To this modification and refusal to charge as requested the defendant excepted. It is to be borne in mind not only that the offenses with which the defendant was charged were committed prior to the amendment of the Penal Law making bookmaking and poolselling, with or without wrting, a crime (L. 1910, chap. 488), but that the only question submitted to the jury was whether the defendant had recorded or registered bets. That making a bet or wager unaccompanied with record or registry was not at the time of this transaction a crime, was decided by this court in People ex rel. Lichtenstein v. Langan (196 N. Y. 260), and the question is whether the receipt by the opposite party of a memorandum of the wager was a registry or record by the defendant. We think clearly it was not. To bring the case within the statute, it was not necesary that the defendant personally should make the record or registry of the wager. If it was made by any person in his employ or on his behalf or by his direction that would be sufficient to charge him. But this memorandum was not made on his behalf. Also, if any indorsement had been made on the Oldorff memorandum by the defendant or by any one in his behalf, that would have been a registry of a bet made by him. But if the mere receipt of the memorandum by the defendant was a registry by him, necessarily the receipt of a memorandum by any one who might make a bet with a poolseller or a bookmaker would make him a criminal equally with the poolseller or bookmaker. As appears from the discussion in the Lichtenstein Case (supra), such was not the intent of the law. It was directed against public gambling and professional gamblers, and, as was there said, while all gambling has for a long time been illegal in this state, professional gambling and the maintenance of gambling resorts alone have been subjected to the penalties of the criminal law.

As already said, since the decision in the Lichtenstein case the legislature has amended the Penal Law section here involved so as to make it a crime to engage in poolselling or bookmaking with or without writing, but it has not changed in any respect the law as to recording and registering bets.

The judgment of conviction must be reversed and the defendant discharged from custody.

GRAY, HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment of conviction reversed, etc.