205 A.2d 576.

STATE *vs.* DANIEL L. CAMPBELL.

DECEMBER 16, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a complaint and warrant charging the defendant with driving without glasses a motor vehicle on a public highway in violation of G. L. 1956, §31-10-24. The case was tried to a justice of the superior court and a jury which returned a verdict of guilty. During the trial the defendant duly excepted to two rulings on the admission of certain testimony, to the denial of his motion for a directed verdict and to a certain portion of the charge to the jury. He has brought the case here by his bill of those exceptions numbered 1, 2, 3 and 4.

It appears from the evidence that defendant was stopped while driving his car on Legris avenue, a public highway in the city of Pawtucket, by a police officer of that city. At that time the officer observed that he was driving without eyeglasses although his operator's license expressly provided authority to drive only with such glasses. This restriction on his right to drive was a condition imposed by the registry of motor vehicles in accordance with the authority granted to it by §31-10-24.

In the course of the state's presenting its case against defendant an investigator from the registry of motor vehicles was asked the following questions: "16 Q Now, whether or not your division makes any distinction, Mr. Maceroni, between the wearing of eyeglasses and the wearing of contact lenses?" "22 Q You recognize that a contact lens may correct vision just as well as spectacles of the type that I am wearing?"

The first question was asked after the witness had been interrogated as to the particular license issued to defendant and whether or not it was subject to any restriction. He answered that there was such a restriction and "that the licensee is limited to eyeglasses." He was then asked what that meant and he replied that the licensee would have to wear eyeglasses while driving. This line of interrogation was not objected to by defendant.

Then came question 16 to which the witness answered over defendant's objection that such a distinction was made and if the wearing of contact lenses was made known the license would be issued with the indication thereon that it was limited to contact lenses. In view of the course of the interrogation prior to question 16 there was no valid ground of prejudice to defendant in allowing it to be answered. Exception numbered 1 is therefore overruled.

Question 22 was asked by defendant in cross-examina-

tion of the same witness. It was excluded substantially on the grounds that the witness was not qualified to express an opinion on the subject matter of the question and that it was beyond the scope of the direct examination. We are of the opinion that on either ground the ruling was correct and exception numbered 2 thereto is overruled.

There is no merit in defendant's exception numbered 3 to the denial of his motion for a directed verdict. On such a motion as is well known, all the evidence and the credibility of the witnesses must be viewed most favorably to the party against whom the motion is made, in this instance the state. *State* v. *Ephraim*, 80 R. I. 321. Applying this rule there was no error in the trial justice's denial of the motion and defendant's exception thereto is therefore overruled.

This brings us to his final exception numbered 4 to the following portions of the trial justice's charge:

"So, in this case, if the State has proven beyond a reasonable doubt that the license of this defendant was a limited license, that it was limited to his driving with eyeglasses on, and that on the day in question he was not operating his motor vehicle in that fashion as set forth in his driver's license, then if the State proves that beyond a reasonable doubt, then you should find the defendant guilty.

"If, on the other hand, the State has not proven beyond a reasonable doubt that the defendant on that date was operating his motor vehicle without glasses as provided for in his license, then you should find the defendant not guilty."

In support of this exception defendant has not clearly pointed out in his brief wherein the charge is lacking. He argues that the registry draws a distinction between eyeglasses and contact lenses but "does not inform the licensee of the distinction, and punishes him by equating the two." And he further argues that "any doubt or am-

biguity in the construction of an administrative order ought to be resolved. in favor of the defendant." What these contentions have to do with showing that the charge as given is erroneous and prejudicial we are at a loss to understand. If defendant was convinced that there was a grave necessity for the jury to be instructed in the law to that effect it was incumbent upon him to ask for further instructions along that line.

We see no valid objection to the charge as given. It was clearly applicable to the evidence that was before the jury. Such evidence was to the effect that the defendant was driving without eyeglasses, that his license was restricted to driving with glasses, and that if a licensee who wore contact lenses made that fact known to the registry his license would so indicate. The defendant presented no evidence of that nature. His license indicated that he was authorized to operate thereunder only if he wore eyeglasses. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Aram K. Berberian*, for defendant.