## STATE v. HAND BREWING COMPANY.

### JANUARY 4, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Constitutional Questions.*

Upon a complaint certified to the court upon constitutional questions, technical objections will not be considered.

(2) *Constitutional Law. Search-Warrants. Registration of Bottles, &c.*

Gen. Laws, 1909, cap. 198, §§ 2–3 (of the protection of owners of cans, bottles, &c.), is not obnoxious to Cons. R. I., art. 1, § 10, or to Cons. U. S., art. XIV, § 1 of amendments.

Gen. Laws, 1909, cap. 198 (of the protection of owners of cans, bottles, &c.), provides that, upon complaint duly made, the court shall issue a search-warrant, and shall also cause to be brought before it the person in whose possession the receptacles are found, and shall enquire into the circumstances of such possession, and if it finds that such person has been guilty of violating the act, shall impose the punishment therein provided, &c.

A search-warrant, issued under said chapter, directed the officer, if any of the articles were found, to bring them, together with the body of the person in whose possession they were found, before the court to be dealt with as to law and justice should appertain:—

*Held*, that the search-warrant issued was a proceeding *in rem* against the goods, and the fact that it contained a command to also bring the body of the person in whose possession the goods were found did not change its character.

*Held*, further, that there was nothing in the statute to indicate that the person so brought before the magistrate was to be arraigned or tried upon the complaint which was the foundation for the search-warrant.

*Held*, further, that whether the arrest was made under the search-warrant or upon process issued contemporaneously therewith or subsequent thereto, a complaint for violation of the statute should have been made, and upon that complaint the accused could have been tried.

*Held*, further, that the irregularities in the case at bar were not occasioned by the statute, and did not arise from a compliance with its provisions; and (*semble*) even if such proceedings were absolutely void for unconstitutional irregulari-

ties, that would not affect the constitutionality of the statute unless such irregularities were made essential requisites by its terms.

CRIMINAL COMPLAINT.    Certified on constitutional questions.

DUBOIS, C. J.    This case has been brought before this court, upon certification of certain constitutional questions, from the District Court of the Tenth Judicial District.    It appears that the following complaint was made to the justice of said court: "To Lellan J. Tuck, Esquire, Justice, Robert S. Emerson, Esquire, Clerk of the District Court of the Tenth Judicial District, in the county of Providence in the State of Rhode Island and Providence Plantations.

"Bernard M. Dowd of North Providence in the county of Providence in State of Rhode Island, agent for the Five Sullivan Bros., Incorporated, on oath complains in the name and behalf of the State, that he is the duly authorized agent of said the Five Sullivan Bros., Incorporated, that said the Five Bros., Incorporated is engaged in the manufacture, bottling and selling of soda water, mineral water, aerated water, beer, ales, wines, cider, milk, cream, under the name of the Five Sullivan Bros., Incorporated, that it is the owner of and in its business aforesaid, does use bottles, jugs, cans, tins, casks, barrels, kegs, trays, crates, boxes, siphons, fountains, each of which said bottles, jugs, cans, tins, casks, barrels, kegs, trays, crates, boxes, siphons, fountains, have branded, stamped, engraved, blown or etched, carved, thereon the name, mark, device and designation of ownership is as follows to wit: the bottles capacity 14 oz:—' Registered, The Five Sullivan Bros., Prov. R. I.' inside a circle, together with the word 'Registered' outside of circle, or ' The Five Sullivan Brothers, Trade Mark,' together with the figure ' 5 ' and ' Providence, R. I.' inside a circle and the word ' Registered ' outside of circle, or ' Sullivan Bros. Providence, R. I.' with monogram 'F. S. B.' inside of circle, and the word ' Registered ' outside of circle.

"That the said the Five Sullivan Bros., Incorporated in compliance with the provision of Chapter 627 of the Public Laws of Rhode Island, did on the 16th day of March, A. D.

1903, file in the office of the Secretary of said State of Rhode Island a description of the name, mark, device and designation of ownership aforesaid, and did cause such description thereafter to be printed once a week, for three successive weeks in the Providence News a newspaper published in said city of Providence.

"That your complainant has reasonable cause to believe and does believe that the following personal property to wit: Five hundred bottles each of the value of five cents and all of the value of twenty-five dollars of the property of the said the Five Sullivan Bros., Incorporated, and upon which appears the name, mark, device and designation of ownership aforesaid, branded, stamped, engraved, blown or etched, carved and affixed thereon, are in the possession of the Hand Brewing Company of Pawtucket unlawfully, without the consent in writing and without having been purchased from the said the Five Sullivan Bros., Incorporated, and are being unlawfully held, used, and disposed of and trafficked in by said Hand Brewing Company without the consent in writing and without having been purchased from the said the Five Sullivan Bros., Incorporated, and that said bottles are now secreted and concealed in a certain building, shop, store, barn and premises numbered 17 and situate on Freeman street so called, in the said city of Pawtucket and within the Judicial District of said court, and against the statute and the peace and dignity of the State.

"Wherefore your complainant prays for a warrant to search said building, shop, store, barn and premises, 17 Freeman street for said bottles and that the same may be awarded to the possession of the said

"Dated at said Pawtucket, this 22nd day of June, A. D. 1910.

"BERNARD M. DOWD,

"Complainant.

"PROVIDENCE, SC.—In Pawtucket this 22nd day of June, A. D. 1910, personally came Bernard M. Dowd, subscriber to the above complaint, and made oath to the truth of the same,

and at the same time and place himself as principal, and John H. Branaghan as surety, recognized according to law, in the sum of fifty dollars, to prosecute said complaint with effect, or in default thereof to pay all lawful costs which may acrue thereon, to the State.

"Before me, ·          LELLAN J. TUCK,
"*Justice of the District Court of the Tenth Judicial District.*"

and that said justice thereupon issued the following warrant to said complaint annexed: "State of Rhode Island and Providence Plantations. Providence sc.—To the Sheriff of the County of Providence, his deputies or to either of the Town Sergeants or Constables in the County of Providence, Greeting:

"Complaint having been made to me on oath as above written, you are therefore hereby required in the name of said State of Rhode Island and Providence Plantations, to search thoroughly the building, shop, barn and premises, 17 Freeman street in said complaint described in the daytime, and to seize and to take into your possession the bottles in said complaint described and if the same or any part thereof shall be found upon search, that you bring the bottles so found together with the body of the person or persons in whose possession the same are found before the District Court of the tenth Judicial District, to be · disposed of and dealt with as to law and justice shall appertain. And for so doing this shall be your warrant.   Hereof fail not.

"Given under my hand and seal, at Pawtucket in said county, this 22nd day of June in the year A. D. 1910.

"LELLAN J. TUCK,
"*Justice of the District Court of the tenth Judicial District.*"

and that the same was served by Bernard M. Dowd, constable, who made the following return thereto: "I have searched thoroughly the building, shop, store and premises located 17 Freeman street in the within complaint described, on the 23rd day of June in the daytime and have seized and taken possession of 373 bottles there found in said complaint described and have the said bottles so found here in Court, and I have also apprehended Michael Hand for Hand Brewing Company the

person in whose possession the same were found and have here before the Court, as within commanded.

| | |
|---|---|
| " Service | 3.00 |
| Travel | .20 |
| Attendance | .50 |
| Aid 4 Persons | 4.00 |
| | 7.70 |

"BERNARD M. DOWD,
*Constable.*"

which was afterwards amended by permission of said court to conform to the facts, as follows:

"STATE OF RHODE ISLAND, &C.
"PROVIDENCE, SC.

" I have searched thoroughly the building, shop, store and premises located at No. 17 Freeman street, in the within complaint described, on the 23rd day of June, A. D. 1910, in the day time and have seized and taken possession of 373 bottles there found and in said complaint described, and have the said bottles so found here in Court; and I have also summoned the said Hand Brewing Company, to appear before said Court, to answer to said complaint and warrant, by notifying Michael Hand, Jr., President and an officer of said corporation, of the pendency of said complaint in the District Court of the Tenth Judicial District, and that the same would be heard before said court on the 30th day of June, A. D. 1910.

" Service
" Travel
" Aid

"BERNARD M. DOWD,
" *Constable.*"

It also appears of record in said case that the defendant was arraigned June 30, 1910, and that the case was "continued to July 5, 1910, to plead;" that the defendant pleaded not guilty, and that the case was continued to July 11, 1910. On the last

mentioned day the defendant filed in said court a motion to quash the complaint, as follows:　"The defendant in the above entitled complaint for the purpose of bringing in question upon the record of the constitutionality of chapter 198 of the General Laws of the State of Rhode Island moves that said complaint may be quashed, and that it may be discharged, and for reason therefor shows to the court as follows:—

"*First*.　That said complaint and warrant is issued on information and belief for the purpose of searching, and states that the complainant has reason to believe that certain bottles are concealed and are illegally being acquired, held, used and disposed of in violation of chapter　　of the General Laws.

"*Second*.　That said act directs that the person so found in possession shall be brought before the court and that thereupon upon an examination before the court, said person, if the court adjudges him guilty, shall suffer the penalty prescribed by said act.

"*Third*.　That said complaint charges no offence known to the law and is void and should be quashed for uncertainty, in that it doesn't apprise the defendant of the criminal acts wherein the Co. is charged with sufficient certainty to enable him to make his defence.

"*Fourth*.　That said act of the General Assembly is unconstitutional and void, because it conflicts with section 10 of article 1 of the Constitution of Rhode Island, and with section 1 of article 14 of the Amendments of the Constitution of the United States.

"*Fifth*.　That said act of the General Assembly is unconstitutional under said section 10 of article 1 of the Constitution of the State of Rhode Island, because the said act directs the court upon the return of the search-warrant and the apprehension of the person found in possession of the goods described in the search-warrant under said search-warrant without any charge being preferred other than the information and belief contained in the search-warrant to examine the person so found in possession and to adjudge his guilt or innocence and to enforce the penalty prescribed in said act and the accused thereunder,

no formal complaint having been lodged, has no means of knowing in advance whether the acts mentioned constituted a crime and is denied the right guaranteed by said section in the Constitution to be informed of the nature and cause of the accusation, and further that said statute, by reason of said uncertainty may deprive him of his liberty and property without due process of law.

"*Sixth.* That said act of the General Assembly is unconstitutional under said section 1 of article 14 of the Amendments of the Constitution of the United States, in that by said uncertainties of its language the State of Rhode Island contrary to said Constitutional provision may deprive the defendant of its liberty and property without due process of law.

"Wherefore, the defendant prays that his aforesaid motion may be granted by the court for uncertainty of said complaint, as above specified, or said motion being denied, the question as to the constitutionality of said act may be forthwith certified to the Supreme Court to be heard and determined as provided by section 1, chapter 198 of the General Laws."

And on the twenty-seventh day of said July the case was certified to this court upon the following certification of constitutional questions:

"In the above-entitled case now pending in the District Court of the Tenth Judicial District, complaint in writing is made to the Justice of said Court that the complainant had reasonable cause to believe and did believe, that certain bottles which had been duly registered under section 1 of chapter 198, of the General Laws of the State of Rhode Island, were being unlawfully used, disposed of, trafficked in and secreted by the defendant, and that the same were secreted and concealed in a certain building, shop, store, barn and dwelling-house and premises number 17 on Freeman street in Pawtucket, in said district; and said complainant prayed for a warrant to search said building, shop, store, barn, dwelling-house and premises, and that said bottles if found might be awarded to the possession of the owner thereof, all of which more fully appears by reference to said complaint which is herein transmitted. And

thereupon a warrant was issued by said court as prayed for, commanding the officer to seize and to take into his possession the bottles in said complaint described, if the same or any part thereof should be found upon search, and that he bring the bottles so found together with the body of the person in whose possession the same were found, before said District Court, to be disposed of and dealt with as to law and justice shall appertain.

"Upon the return of said warrant duly served it appeared from the officer's return thereon that the bottles mentioned in said chapter 198 and described in said warrant were found in the possession of the defendant and that the officer entrusted with said service had said bottles and said defendant before said court as commanded in said warrant.

"In the course of the proceedings in said case and before the trial thereof said defendant filed a motion to quash said complaint and said motion raised the following constitutional questions in said cause.

"*First.* Is said chapter, Sec. 2–3 unconstitutional and void because it conflicts with Sec. 10 of Art. 1 of the Constitution of the State of Rhode Island and with Sec. 1 of Art. 14 of the amendments of the Constitution of the United States.

"*Second.* Is said chapter, sec. 2–3 unconstitutional under said Sec. 10 of Art. 1, of the Constitution of the State of Rhode Island, because the said act directs the Court upon the return of said warrant and the apprehension of said defendant without any charge being preferred other than the information contained in the search-warrant to examine the said defendant and to adjudge his guilt or innocence and to enforce the penalty provided in said act.

"*Third.* Is said Chap. 198 unconstitutional under said Sec. 10 of Art. 1 of the Constitution of the State of Rhode Island, because it directs the defendant to be tried for a violation of Sec. 2 of said chapter without formal complaint having been lodged, the said defendant having no means of knowledge whatever other than from search-warrant and from the terms of said chapter of any of the offenses with which he is charged.

"*Fourth.* Is said chapter unconstitutional because it denies

the right to the defendant granted by said Sec. 10 of Art. 1 of the Constitution of the State of Rhode Island, to be informed of the nature and cause of the accusation against him or because said defendant may be deprived of his liberty and property without due process of law.

"*Fifth.* Is said chapter unconstitutional and void under said section of Art. 14 of the amendments to the Constitution of the United States in that by the uncertainties of its language the State of Rhode Island contrary to said constitutional provision might deprive the defendant of his liberty and property without due process of law.

"Wherefore, it is ordered on this 27 day of July, A. D. 1910, that said constitutional questions raised as aforesaid be sent to the Supreme Court to be heard and determined.

"LELLAN J. TUCK,

"*Justice.*"

(1)     The only questions that we are called upon to consider are the constitutional ones certified to us. Whether the complaint in the case at bar should be held to be void for duplicity upon a motion to quash made before the entry of the plea of not guilty, or whether the complaint is open to other objections that might have been made upon such a motion seasonably filed, are matters not before us for consideration, because all objections that are susceptible of being cured by a plea of not guilty have been so cured by reason of the fact that such plea preceded the motion to quash. Moreover, technical objections are not before us upon this constitutional inquiry.

(2)     The first question presented to us is whether Gen. Laws, 1909, cap. 198, §§. 2 and 3, is unconstitutional and void because it conflicts with art. I, § 10, of the constitution of the State and with art. 14, § 1, of the amendments to the constitution of the United States. Article I, § 10 aforesaid has reference to the rights of the accused in criminal prosecutions, and the question doubtless especially refers to the following clause: "nor shall he be deprived of life, liberty or property, unless by the judgment of his peers, or the law of the land." And art. 14, § 1,

of the amendments to the constitution of the United States is invoked undoubtedly because of the following provision. "nor shall any state deprive any person of life, liberty or property, without due process of law." Gen. Laws, 1909, cap. 198, whose constitutionality has been questioned, is entitled: "Of the protection of owners of cans, bottles, and other vessels used in the sale of mineral waters, milk, beer, cider, wine, or other beverages and compounds." It contains four sections, whereof sections 2 and 3 are particularly referred to as violating the constitutional provisions hereinbefore referred to. Each of said last-mentioned sections contains a reference to section one, and for the purposes of explanation it may be well to refer to each of said sections, which read as follows: "SECTION 1. Any person engaged in manufacturing, bottling, or selling soda waters, mineral or aerated waters, or any kind of beer, ales, wines, cider, milk, cream, or any other liquids that may be lawfully used as food or beverage, or any medicines, medical preparations or mixtures, perfumery, oils, compounds or mixtures, in bottles, jugs, cans, tins, casks, barrels, kegs, trays, crates, boxes, siphons, fountains, or any other kind of vessel whatsoever, upon which any name, mark, device, or other designation of ownership is branded, stamped, engraved, blown, etched, carved, or otherwise produced, may file in the office of the secretary of state a description of the name, device, or other designation of ownership so used by him, and cause such description to be printed once a week for three successive weeks in some newspaper published in the city of Providence. After such description shall be filed and published as aforesaid, the secretary of state shall give such person a certificate under the seal of his department that the description aforementioned has been filed and published according to law, and such certificate shall be received in all legal proceedings as evidence of such filing and publishing.

"SEC. 2. It is hereby declared to be unlawful for any person, copartnership, or body corporate, other than the manufacturer, bottler, or dealer whose name, mark, device, or other designation of ownership is upon any vessel or receptacle men-

tioned in section one of this chapter, and which has been filed and published as aforesaid either by themselves or through any agent or employee, to buy, sell, offer for sale, take, give, receive, handle in the course of business except when containing the liquid therein placed by the owner, bottler, or manufacturer, hire, rent, lend, transport, carry in wagons, carts, pushcarts, or other vehicles, or to take or collect from ash or garbage receptacles, from public or private dumps, cellars, yards, lots, or premises, or to keep in stock or otherwise store or dispose of, deal or traffic in the same or any parts or pieces of the same, without the written consent of said manufacturer, bottler, or dealer, respectively, whose name, mark, or device, or other designation of ownership shall be therein or thereon. And without such written consent injure any such vessel or receptacle, or to wilfully mar or erase, cover up, conceal, or remove any such name, brand, mark, or other designation of ownership so appearing upon such vessel or receptacle, or without such written consent, for the purpose of trade or gain, to fill any such bottle, vessel, or other receptacle with any beverage, liquid, medicine, compound, or substance whatsoever, except bottles having contained a prescription may be refilled for any medicinal purposes. And if any of the within-described bottles, vessels, and receptacles are found in possession of any person, copartnership, or body corporate other than the manufacturer, bottler, dealer, or legal purchaser or purchasers or receiver thereof without the written consent of such manufacturer, bottler, or dealer, the same may be seized by any peace-officer, police-officer, or any inspector of any incorporated state bottling protective association who is also a peace-officer, without warrant, wherever he shall find the same being illegally held or used, as specified in this section, and may detain the same in some place of safe keeping until a warrant can be secured against the person so illegally holding or using the same. Any person offending against the provisions of this section shall be punished by imprisonment for not more than three months, or by a fine of one dollar for each and every such vessel or receptacle so filled, sold, given, held, disposed of, or trafficked in, or from

which the name, device, or other designation of ownership has been erased, defaced, covered up, or otherwise removed or cancelled, or by both such fine and imprisonment.

"SEC. 3. Whenever any person believes that any vessel or other receptacle aforesaid having a name, mark, device, or other designation of ownership therein or thereon, of which a description has been filed and published as mentioned in section one of this chapter, is being unlawfully acquired, used, or disposed of, or having been unlawfully acquired is being unlawfully secreted in any place, the aforesaid person or his agent may make complaint in writing, under oath, before the justice or clerk of the district court of the district within which the same is being unlawfully acquired, used, disposed of or secreted, that he has reasonable cause to believe, and does believe, that the same is being unlawfully acquired, used, disposed of or secreted, and thereupon the justice or clerk of the district court, if he be satisfied that there is reasonable ground for such belief, the place to be searched and the things to be seized being described as nearly as may be, shall issue a search-warrant for the purpose of searching for and seizing the same, and shall also cause to be brought before him the person or persons in whose possession the same are found, and shall then enquire into the circumstances of such possession, and if he finds that such person or persons have been guilty of violating section two of this chapter, he shall impose the punishment provided in said section two, and shall also award possession of the property taken upon such warrant to the owner thereof."

The purpose of the act, to protect the owners of receptacles for fluids and compounds, is plainly set forth in its title. Section one provides for the registration of the several designations of ownership of such receptacles by the owners thereof. Section two regulates the use and prohibits the injury or destruction of such registered receptacles by natural or artificial persons other than the owners, and prescribes a penalty for the violation of its provisions. It also makes provision for the seizure, without warrant, of such registered receptacles found in the possession of others than the owner or purchaser, without

the written consent of the owner. Section three treats of the issuance of search-warrants, and in case of the seizure thereunder of registered receptacles found in the possession of any person, provides for an inquiry into the circumstances of such possession, by the magistrate who issued said search-warrant, with power to bring before him and to punish persons found guilty of violating the provisions of section two, and to award to the owners possession of the property taken. The constitutional provisions concerning search and seizure are contained in the constitution in art. 1, § 6, which reads as follows: "SEC. 6. The right of the people to be secure in their persons, papers and possessions, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue, but on complaint in writing, upon probable cause, supported by oath or affirmation, and describing as nearly as may be, the place to be searched and the persons or things to be seized." No claim is made that the statute in question does not conform to these requirements.

The defendant raises the objection that the statute makes a person liable for the possession of the prohibited articles, although the same had been placed upon his premises by his employes without his knowledge or consent. It will be time enough to determine such a case when it arises. No such question has arisen in the case at bar.

The defendant makes the further claim that there are no specific charges in the warrant to which the defendant may answer, and that, in accordance with the statute aforesaid, the warrant may issue without specific charges. We do not so read the law, and we have no information that any complaint has yet been made or any warrant has been issued against the defendant for any violation of chapter 198 aforesaid, that is to say, no proceedings *in personam* have been taken against the defendant. The search-warrant issued is a proceeding *in rem* against the goods searched for and seized. The fact that the search-warrant contains a command to the officer to "bring the bottles so found together with the body of the person or persons in whose possession the same are found before the  .  .  .  court

. . . to be disposed of and dealt with as to law and justice shall appertain" does not change the character of the warrant. "A search-warrant is generally defined to be an order in writing in the name of the State, signed by a magistrate and directed to a peace officer, commanding him to search for personal property and bring it before the magistrate." 35 Cyc. 1265.

"At common law it seems to have been necessary to the sufficiency of a search-warrant to command that the goods, together with the person in whose possession they were found when taken, should be brought before the magistrate and after an examination of the facts be disposed of according to law." *Idem,* 1267. "It (the search-warrant) should also command that the goods found, together with the party in whose custody they are taken, be brought before some justice of the peace, to the end that, upon further examination of the fact, the goods and the prisoner may be disposed of as the law directs." 1 Archbold's Crim. Pract. & Pl. 8th ed. p. 130. See also Bouvier Law Dict. *Search-Warrant.* "Upon the return of the warrant which has been issued for the search of personal property that has been stolen, when executed, the magistrate must proceed as follows. If it appear that the goods brought before him were not stolen, they are to be restored to the possessor. If it appear that they were stolen, they are not to be delivered to the owner, but deposited in the hands of the officer who executed the warrant, to the end that the party from whom they were stolen may proceed to complain of, or indict, and convict the offender, and thereupon to have restitution of them. A conviction of larceny cannot legally be founded upon a search warrant. If the goods are found in the place described, a new complaint should be made, directly charging the suspected person with feloniously taking them. If it appear that the goods were not stolen, the party in whose possession they were found is to be discharged. If the goods were stolen, but not by him, but by another who sold or delivered them to him, and he was ignorant that they were stolen, he may be discharged as an offender, and bound over to give evidence against him that sold them; but if it appears that he was knowing they were stolen,

he ought to be bound over to answer as a receiver of stolen goods,"—Heards Crim. Law. 122, citing 2 Deacon Crim. Law 1166, and 2 Gabbett Crim. Law, 158. See also Cooley Cons. Lim. 6th ed. 369; 19 Encyc. Pl. & Pr. 333.

In the case of *Bell* v. *Clapp*, 10 Johns. (N. Y.) 263, 265, which was an action of trespass *qu. cl. fr.*, for entering plaintiff's dwelling-house and taking away 100 bbls. of flour, the defendants pleaded in justification that the breaking and taking was under and by virtue of a search-warrant, etc. On demurrer the court held the plea good, and ordered judgment for the defendants. In the course of the opinion the court used the following language: "The warrant did not state in whom the property of the flour resided, nor was this essential to its validity; a person may even be indicted and convicted of stealing the goods of a person unknown. Nor did it affect the legality of the warrant that it directed the officer to bring *Jacques*, to whom the cellar belonged, *or the person in whose custody the flour might be found.* It was impossible for any warrant to be more explicit and particular; and it would, probably, have been the duty of the officer to have arrested any person in possession of the stolen goods at the place designated, without any directions in the warrant, and to have carried him before the justice for examination."

The common-law rule, in relation to search-warrants, above referred to, has generally been included in the statutes of the several States. Thus in the Rhode Island Revised Statutes (1857), we find that in a search-warrant for stolen goods the officers to whom the warrant is directed are commanded to bring the money or thing stolen before the magistrate, and the person or persons in whose possession or custody the same shall be, cap. 220, § 30; also in the case of a search-warrant for a female in a house of ill-fame, the officers are directed to bring her, and the person in whose possession or keeping she may be found, before the magistrate, cap. 216, § 5. Similar provisions are contained in Pub. Laws, 1909; cap. 281, § 31; cap. 347, § 7. Although the persons in possession of the female or stolen article, as the case may be, are to be brought before the magistrate,

there is nothing in the foregoing statutes to indicate that they are to be arraigned or tried upon the complaint which was the foundation for the search-warrant. Nor is there anything in the statute under consideration in the present case to warrant such a conclusion. In fact, the language of Gen. Laws, cap. 198, § 3, is not quite as exigent as that contained in the other statutes referred to: "the justice or clerk . . . shall issue a search-warrant for the purpose of searching for and seizing the same, *and shall also cause to be brought before him the person or persons in whose possession the same are found,*" etc. That would seem to imply that if the goods are found, by the officer serving the search-warrant, to be in the possession of some person the officer shall inform the justice or clerk of that fact, whereupon the justice or clerk shall cause the person to be brought before him upon suitable process. In the case at bar, no complications need have arisen. The complainant was Bernard M. Dowd; he was also the officer who served the search-warrant. He was the one who found the bottles and the person in possession of the same. He could have made complaint against such person for violation of the statute, and upon that complaint the accused could have been tried. That should have been the proceeding, whether the arrest was made under the search warrant or upon process issued contemporaneously therewith or subsequent thereto. The irregularities complained of in the case at bar were not occasioned by the statute in question, and did not arise from a compliance with its provisions. Even if the statute should be construed so as to require the arrest, upon search-warrant, of the person found in possession of the articles seized; which would have been the usual and ordinary procedure following the common-law rule; there is nothing therein that can be held to require the trial of such person upon the search-warrant, and, if found guilty of some offence under section 2, his conviction and sentence thereupon. Even if the proceedings were absolutely void, for unconstitutional irregularities, a question which we are not called upon to consider in the present inquiry, that would not affect the constitutionality of the statute unless the irregularities complained of are made

essential requisites by its terms. We do not find the statute objectionable in this regard.

For these reasons the first, second, third, and fourth constitutional questions must be answered in the negative. As to the fifth question, our attention has not been directed to any uncertainties in the language of the statute in question, whereby the State of Rhode Island might deprive the defendant of his liberty and property without due process of law, and therefore this question must also be answered in the negative.

Having thus answered the constitutional questions certified to us, the papers in the cause, with our decision certified thereon, are hereby remitted to the District Court of the Tenth Judicial District for further proceedings.

*James F. Murphy, Thomas F. Vance, Frank H. Wildes,* for complainant.

*C. J. Farnsworth,* for defendant.

