228 A.2d 572.

STATE *vs.* VINCENT A. CUCCA.

APRIL 13, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a criminal complaint which purports to charge the defendant with receiving stolen property in violation of G. L. 1956, §11-41-2. It was brought on behalf of the state by the prosecuting officer of the Providence police department and was originally tried in the district court of the sixth judicial district. From a conviction in that court, defendant seasonably appealed to the superior court for a trial de novo where, on arraignment, he pleaded not guilty and proceeded to trial before a jury which returned a verdict of guilty.

The case is before us on defendant's bill of exceptions to the denial of his motion to quash and to the denial of his motion for a directed verdict. These are the only exceptions both orally argued and briefed, and defendant's other exceptions are deemed to have been waived. *Congregation of the Sons of Israel and David* v. *Director of Public Works*, 94 R. I. 149.

A summary of the evidence adduced at the trial is advisable, if not essential, to a comprehensible consideration of defendant's exceptions. It discloses that on several occasions defendant purchased a quantity of golf balls from an employee of the United States Rubber Company in Providence where the golf balls in question were manufactured. The employee sold golf balls bearing the brand name "Wilson Staff" to defendant for about one-third of their retail value. Moreover, this particular kind of ball is manufactured exclusively for, and sold only to, the Wilson Company which in turn sells them only to pro shops, so-called.

On March 22, 1963, the Providence police, acting on information furnished by the security director of the United States Rubber Company, apprehended the employee in

question as he left the plant at the end of the second shift. They found a quantity of golf balls concealed on the employee's person and took him to the police station for questioning. There, he told of having sold golf balls to defendant. Two police officers thereupon went to the latter's home, talked briefly with him there, after which he accompanied them to the station.

When questioned at police headquarters, defendant first denied purchasing golf balls from anyone, but when confronted with the employee who was also in custody, changed his story and admitted the purchases. He could offer no explanation for his original denial. Questioned further, defendant admitted that five dozen such balls were at his home to which he then returned with the officers and surrendered them. It appears that they were then marked for identification and subsequently admitted in evidence as the state's exhibit.

The fact that the balls offered in evidence were received by defendant from the employee is not in dispute. He testified that he believed them to be rejects, but the testimony of the security director, of the two police officers and of the employee is clearly open to the inference that he knew them to be stolen and purchased them so knowing. Further, defendant made statements at his trial in the superior court which were in contradiction of statements made by him when on trial in the district court. This conflict in his own testimony cast some suspicion on his protestations of innocence.

In any event, the evidence is such as to warrant the jury in finding that defendant purchased the golf balls from the employee knowing them to have been stolen.

After the state had rested, counsel for defendant moved to quash the complaint on the grounds that it failed to charge a crime at common law and was insufficient in law

to inform defendant of the statutory offense to which the state's evidence was directed.

The complaint charges that defendant "Feloniously and fraudulently did have in his possession certain stolen property, to wit; five dozen golf balls, all of the value of $22.85, knowing the same to have been stolen."

On the other hand, the exact language of §11-41-2 is as follows:

> "Every person who shall fraudulently receive any stolen money, goods, securities, chattels or other property, knowing the same to be stolen shall be deemed guilty of larceny, although the person who stole the same may not have been prosecuted or convicted therefor; and the possession of any such stolen property shall be evidence of guilty knowledge by the person having such possession that such property was stolen, except such person shows that it was acquired in the due course of trade and for adequate consideration."

In passing on the motion to quash, the trial justice commented on the probative nature of the state's evidence and equated "Feloniously and fraudulently did have in his possession * * *" with "Receiving," and further concluded that defendant was sufficiently informed of the offense with which he was charged relying on §12-12-6. This section provides in part:

> "The indictment or complaint may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:
> "* * *
> "(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

On this consideration of the complaint, statute and evidence, the trial justice denied the motion to quash.

Whether his conclusion would be sustained if the motion to quash had been seasonably made, we do not inquire, since that question is not before us.

It is well settled that when a motion to quash is not made prior to a plea of not guilty, or simultaneously therewith, the court consenting, such a motion is addressed to the discretion of the court which will be sustained if not abused. *State* v. *Maloney,* 12 R. I. 251; *State* v. *Watson,* 20 R. I. 354; *State* v. *Brown,* 45 R. I. 9; *State* v. *Douglas,* 78 R. I. 60.

Here, as in *State* v. *Douglas, supra,* defendant filed no special pleas in the district court and pleaded only not guilty when arraigned in the superior court. Indeed he waited until after the state's case was in before making his motion to quash. In such circumstances we cannot say that the trial justice's denial of defendant's motion was an abuse of discretion. The defendant's exception to such ruling is therefore overruled.

The defendant's remaining exception is to the denial of his motion for a directed verdict. Although in support thereof he reargues the merits advanced by him in connection with his motion to quash, such arguments have no application to the motion for a directed verdict. It is addressed solely to the question of whether the evidence, viewed in the light most favorable to the state, would, if believed by the jury, support the charge on which the trial justice had previously ruled defendant was being tried. *State* v. *Campbell,* 99 R. I. 57, 205 A.2d 576.

We have heretofore observed that the evidence was such as to be properly submitted to the jury, and if believed by it, competent to support the verdict. This exception is likewise without merit.

The defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General.

*Donald P. Ryan,* Special Assistant Attorney General, for State.

*Joseph A. Capineri, George Nazarian,* for defendant.