271 A.2d 306.

STATE *vs.* RONALD J. RAPOSA.

NOVEMBER 30, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a criminal complaint charging that the defendant operated "* * * a motor vehicle, to wit: a motorcycle, upon a highway of this State, to wit: Bullocks Point Avenue, recklessly so that the lives or safety of the Public might be endangered or so that property might be damaged." The defendant filed a plea in abatement, which was overruled, and the case later went to trial before a justice of the Superior Court sitting with a jury. The jury returned a verdict of guilty, and the defendant is now in this court prosecuting a bill of exceptions.

Almost the only evidence contained in the record is the testimony of the arresting police officer, Joaquim Saraiva,

and that of another officer. The arresting officer testified that on June 28, 1962, he had observed defendant operating a motorcycle northerly on Bullocks Point Avenue in East Providence at a rate of speed in excess of 65 miles an hour. At that time, according to the officer's testimony, traffic was heavy and defendant operated in such a manner as to cross the center line of the roadway and proceed in a northerly direction in the southbound lane of the highway. He testified that the area was heavily built up and congested. He further testified that the roadway curved up an incline and had several intersections and that he pursued defendant for approximately 1 1/10 miles before he overtook him.

The defendant excepted first to the overruling of his plea in abatement, which was based on his contention that the complaint was defective, in that it failed to specify that it was brought in the name of "The State of Rhode Island and Providence Plantations," but simply "in the name and behalf of the State." This failure in the complaint to spell out the name of the state, defendant contends, is a misdescription, it being required that the complaint be brought in the full name of The State of Rhode Island and Providence Plantations. He contends that this amounts to a misnomer and a misdescription of the party plaintiff, which, in the absence of a statute to the contrary, is grounds for abatement.

This argument overlooks the provisions of G. L. 1956, §12-12-3. While we do not concede that it was error to bring this complaint "in the name and behalf of the State," it is our opinion that the failure to spell out the name of the state is at most merely a defect in form. Section 12-12-3 provides that "No indictment, complaint or criminal process shall be abated or quashed for any want of form, or because it omits to allege that the offense was committed *. * *." In our opinion, if the complaint was defective at

all, it was merely a defect in form, and the statute saves the validity of the complaint.

The defendant brings to our attention no specific authorities holding otherwise. He does direct our attention to *Lemons v. State,* 4 W. Va. 755, a case decided in 1870, as authority for his proposition that the failure to spell out the name of the state in full invalidates the complaint. In that case the constitution of the state of West Virginia prescribed specifically that indictments conclude with the words " 'against the peace and dignity of the State of West Virginia.' " The West Virginia court held that this constitutional provision required "* * * a strict and *literal* compliance in the exact language of the constitution * * *." The court then held that the indictment under consideration which concluded " 'against the peace and dignity of the State of W. Virginia' " constituted insufficient compliance with the constitutional requirement. In the instant case our attention has been directed to no constitutional or statutory provision requiring that complaints be brought in the name of "The State of Rhode Island and Providence Plantations."

In our opinion, defendant's second exception is without merit. Pursuant to that exception he is now contending that the complaint is duplicitous, in that it charges him in the disjunctive or alternative, leaving him uncertain as to what is relied upon as constituting the accusation made against him. This is to argue that he is unable to establish from the language of the complaint that he is being charged with the reckless operation of a motorcycle on a public highway. Of course, an indictment or information will be held duplicitous where in a single count it charges the accused with two or more distinct and substantive offenses. In this case, however, the complaint obviously charges defendant with a single offense, that of reckless operation, and, in our opinion, is sufficiently specific to avoid being

held invalid as duplicitous. Our view on this situation is well stated in *State* v. *Carter*, 200 Md. 255, 267, 89 A.2d 586, 591. There the Maryland court said: "An indictment is sufficient if it informs the persons charged of the accusation against them, and if it is sufficiently explicit to prevent the accused from again being charged with the same offense."

Neither do we perceive any merit in defendant's third exception. In pressing this exception defendant argues that the language of §31-27-4, the statute setting out what constitutes the offense of reckless driving, is constitutionally vague. He contends that the language of the statute as set forth is insufficient to apprise defendant of what charges he is to be prepared to meet and contends that it is not sufficient to merely repeat the language of the statute, where such language describes an offense only in general terms.

In pressing this exception, he concedes that the provisions of §12-12-6 (b) obviate the constitutional requirement for a specific statement of what constitutes the offense with which the defendant is charged. However, he argues that this statute is unconstitutional in that it seeks to void the constitutional requirement that an accused be in the indictment or complaint informed sufficiently of the charges he must be prepared to meet. The constitutionality of a prior version of this statute was considered by us in *State* v. *Scofield*, 87 R. I. 78, 82, 138 A.2d 415, 417. In that case we pointed out that it is the long-established policy of this court that, where we are called upon to construe the constitutionality of a statute, every reasonable intendment will be resolved in favor of its validity unless and until the party raising the constitutional question proves beyond a reasonable doubt that the statute is invalid. *State* v. *Domanski*, 57 R. I. 500, 505, 190 A. 854, 857. In the instant case defendant has not made a persuasive attempt to establish the unconstitutionality of the statute beyond merely

asserting such to be the fact. In this circumstance we are applying the rule stated in *Scofield* and presume the constitutionality of the statute.

The defendant also is pressing an exception to a ruling by the trial justice, denying his motion to strike a reference made by a police witness to a "dangerous" curve on the highway involved in this case. We are persuaded from the fact that defendant gave this argument but four lines in his brief that he thought little of it. We agree with him and will give it the same treatment in this opinion by simply stating that if it were error, it is not prejudicial.

The defendant also presses an exception to a portion of the charge wherein the trial justice instructed the jury as follows: "Now, while one may be guilty of speeding without being guilty of reckless driving, mere speed of an automobile may be so excessive as to afford proof of the driver's willful or wanton disregard of the safety of persons or property as required to establish the crime of reckless driving." The defendant contends that this instructed the jury that excessive speed, standing alone, constitutes "proof" of reckless driving. This, in our opinion, is not what the trial justice said in this portion of the charge.

What the court clearly was intending to say was that excessive speed, standing alone, may constitute evidence from which the jury could infer the willfull and wanton disregard by the operator for the public's safety and property, which is an element of the offense. In our opinion, he was instructing the jury in language that the verdict indicates they understood that such excessive speed was an item of evidence that could be considered by the jury along with other items of evidence on the issue of willfulness.

We think that the language used by the court did not mislead or confuse the jury, but rather informed them as to the extent that they could consider evidence of excessive

speed as being probative of reckless driving. He opened this portion of the charge by stating categorically that speed alone would not constitute guilt under a charge of reckless driving. He terminated this portion of the charge by again stating: "Now, these are all things for you to determine on the facts and that you will find and to which you will apply the law as I have given it to you." In our opinion, when this portion of the charge is read in the context of the whole charge relating to proof of the offense, it should have become clear to ordinary persons acting as jurors that the court was instructing them that excessive speed was evidence which they could consider along with other evidence on the issue of guilt, but which did not, in and of itself, constitute guilt.

In reaching a conclusion as to whether the language of an instruction was such as would confuse or mislead a jury, we rest our decision on whether the language of the instruction was such as would be understood by laymen possessing ordinary intelligence. In other words, the standard used by this court on this question is not how we would construe the instructions of a trial justice, but rather how we believe they would be interpreted by a jury composed of ordinary intelligent lay persons listening to the instructions at the close of a trial. *Anter* v. *Ambeault,* 104 R. I. 496, 245 A.2d 137; *D'Arezzo* v. *John Hancock Mutual Life Insurance Co.,* 102 R. I. 56, 228 A.2d 114. With respect to the instant charge, we find inescapable the conclusion that this portion of the charge as given was not such as would be expected to mislead or confuse the jurors.

Finally, defendant asserts that it was error to deny his motion for a directed verdict. At the conclusion of the introduction of evidence, defendant argued to the court in the absence of the jury that there was no evidence in the case that the operation by defendant had put anybody in jeopardy and, therefore, it should not go to the jury.

The trial justice expressly treated this as a motion for directed verdict of acquittal, saying in the transcript: "* * * I assume it was a motion for a directed verdict, and if it was a motion, may be denied and exception may be noted on the record."

The defendant, in substance, argued that there was no evidence in the record that the life or property of any person was endangered by his operation of the motorcycle and that, therefore, there was no evidence upon which the jury could find him guilty of reckless driving other than by conjecture or speculation. We do not agree with this contention. On a motion for a directed verdict of acquittal, neither the credibility of witnesses nor the weight of testimony is before the trial justice. His function on such a motion is limited to resolving all conflicts in the evidence and to viewing most favorably to the state the evidence and inferences reasonably deducible therefrom. *State* v. *Contreras*, 105 R. I. 523, 253 A.2d 612; *State* v. *Lisi*, 105 R. I. 516, 253 A.2d 239.

An examination of the record discloses ample evidence as to the operation of the defendant on this occasion. In his brief he apparently concedes that he was operating the motorcycle northerly on Bullocks Point Avenue at a fast rate of speed, that there were quite a few other vehicles on the highway going both north and south, that he passed some areas of congested traffic coming out of Riverside Square by operating northerly in the southbound lane, and that some of this traffic was proceeding southerly at that time. It may be true that there is in the record no evidence of a specific person or vehicle being endangered but, in our opinion, the evidence in the record was sufficient to permit the trial justice to draw reasonable inferences that other traffic was endangered by the defendant's operation and that, therefore, he properly denied the motion for a directed verdict.

All of the defendant's exceptions are overruled, and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Scott K. Keefer,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.