409 A.2d 130.

STATE OF RHODE ISLAND *vs.* JOSEPH A. LAPLANTE.

DECEMBER 6, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   The defendant, Joseph A. LaPlante, was convicted of three misdemeanor charges, (1) driving

under the influence of intoxicating beverages; (2) driving left of center; and (3) failing to obey a police officer, in the Superior Court, Kent County, by a justice of said court sitting without a jury. He now prosecutes his appeal from said convictions.

The defendant, by a complaint issued out of the District Court, was charged on three separate complaints with driving under the influence of intoxicating beverages; driving left of center; and failing to obey a police officer. The defendant on February 27, 1974, withdrew his waiver of jury trial and was referred to the Superior Court for further proceedings.

On February 17, 1978, one week prior to the trial, the defendant filed a motion to dismiss the complaints as being duplicitous in that each of the complaints alleged two dissimilar, separate and distinct offenses.[1]

The defendant argues that the complaints are void for duplicity in that they charge defendant in the disjunctive rather than the conjunctive, thereby leaving it unclear which charge the state intends to prosecute.

The trial justice, in considering defendant's motion to dismiss, concluded that defendant was sufficiently informed of the offense with which he was charged and denied the motion as being without merit.

We agree that a single complaint, indictment, or information may charge an individual with more than one offense only when the crimes charged in the single complaint, indictment, or information are "cognate offenses." *State* v. *Berker*, 112 R.I. 624, 626, 314 A.2d 11, 13 (1974).

When a complaint, indictment, or information attempts to charge two or more distinct offenses, not based on the same

---

[1] Each standard form complaint contains printed language charging a violation of G.L. 1956 (1968 Reenactment) §§31-14-1 and -2, followed by the disjunctive conjunction "or." The person preparing these complaints typed, in the appropriate space following the disjunctive in each complaint, the offense which defendant LaPlante allegedly committed.

transaction, it is said to be duplicitous. *State* v. *D'Amico*, 110 R.I. 356, 359-60, 293 A.2d 304, 306 (1972); *State* v. *Raposa*, 107 R.I. 712, 715, 271 A.2d 306, 308 (1970). We have held an indictment duplicitous where it charges the accused with two or more distinct and substantive offenses in a single count. *State* v. *Fitzsimon*, 18 R.I. 236, 239, 27 A. 446, 447 (1893). Whether the trial justice's conclusion would be sustained if the motion to dismiss had been timely made, we do not decide.

Prior to the enactment of the Superior Court Rules of Criminal Procedure, the issue of duplicity was raised by a motion to quash. *State* v. *Hand Brewing Co.*, 32 R.I. 56, 64, 78 A. 499, 502 (1911). Said motion was addressed to the discretion of the trial justice. *State* v. *Douglas*, 78 R.I. 60, 62, 78 A.2d 850, 851 (1951); *State* v. *Watson*, 20 R.I. 354, 360, 39 A. 193, 195 (1898).

This court in *State* v. *Cucca*, 102 R.I. 95, 228 A.2d 572 (1967), stated that "[i]t is well settled that when a motion to quash is not made prior to a plea of not guilty, or simultaneously therewith, the court consenting, such a motion is addressed to the discretion of the court which will be sustained if not abused." *Id.* at 99, 228 A.2d at 574.

Rhode Island practice at that time required that objections to defects in the complaint or indictment be raised prior to the entry of a plea of the general issue. *State* v. *Douglas*, 78 R.I. at 63, 78 A.2d at 851-53; *State* v. *Watson*, 20 R.I. at 358, 39 A. at 194-95.

Subsequently, in 1972, the Superior Court adopted Super. R. Crim. P. 12 governing pleadings and pretrial motions. Rule 12 replaced the common law special pleas, demurrers, and motions to quash with a single motion, the motion to dismiss. Subsection (b)(2) of Rule 12 outlines these defenses and objections which must be raised prior to trial.[2] Included

---

[2]R.I. Super. R. Crim. P. 12(b)(2) provides in pertinent part:

"(2) *Defenses and Objections Which Must Be Raised.* [O]bjections based on defects in the institution of the prosecution or in the indictment, informa-

in this list are objections based on defects in the complaint; a motion to dismiss based on a duplicitous complaint is such an objection. The rule requires a defendant to file motions within twenty-one days after entering a plea and allows a court to entertain motions filed after twenty-one days, provided they are made within a reasonable time from the entrance of the plea.[3]

The defendant in the instant case filed no special pleas in the District Court. And, in the Superior Court he filed his motion to dismiss pursuant to Rule 12(b)(2) approximately four years after the original complaint had been filed and his not guilty plea entered.

The defendant argues that by its silence the state has conceded and admitted defendant's motion and in essence he is asking this court to require the state to comply in the strictest sense with the Superior Court Rules of Criminal Procedure. At the same time, he asks the court to forgive his noncompliance with the same rules.

We are of the opinion that defendant's argument has no merit.

The proper way to attack a duplicitous complaint, indictment, or information is by motion pursuant to Super. R. Crim. P. 12 (b)(2), (3). Under this rule a motion must be made prior to trial and within twenty-one days after a plea is entered. The defendant did not raise the question of duplicitous charges until February 17, 1978, almost four years from the time the charges were originally instituted.

---

tion or complaint ∗ ∗ ∗ may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

[3]R.I. Super. R. Crim. P. 12(b)(3) provides in pertinent part:

"(3) *Time of Making Motion.* The motion shall be made no later than twenty-one (21) days after the plea is entered ∗ ∗ ∗ but in any event the court may permit the motion to be made within a reasonable time after the plea is entered ∗ ∗ ∗."

The failure of defendant to comply with Super. R. Crim. P. 12 (b)(2), (3) constituted a waiver. *State* v. *Mazzarella*, 103 R.I. 253, 254-55, 236 A.2d 446, 447-48 (1967); *cf. United States* v. *Henry*, 504 F.2d 1335, 1338 (10th Cir. 1974); *Hanf* v. *United States*, 235 F.2d 710, 715 (8th cir.), *cert. denied*, 352 U.S. 880, 77 S. Ct. 102, 1 L. Ed. 2d 81 (1956).

In the circumstances of this case, the defendant's position is without merit and the denial of the motion by the trial justice was not an abuse of discretion.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Dennis J. Roberts II*, Attorney General, *Frederick C. B. Smith*, Special Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.