## STATE

v.

## Richard A. ROBERTS.

### No. 79-276-C.A.

Supreme Court of Rhode Island.

Sept. 25, 1980.

Dennis J. Roberts, II, Atty. Gen., Stephen Lichatin, III, Sp. Asst. Atty. Gen., Chief, Appellate Division, for plaintiff.

Aram K. Berberian, Warwick, for defendant.

## OPINION

MURRAY, Justice.

The defendant Richard A. Roberts (Roberts) was tried before a Superior Court justice sitting without a jury and was convicted of leaving the scene of an accident;[1] operating a motor vehicle upon a highway without a license;[2] and driving while under the influence of intoxicating liquor.[3] He is before us now on an appeal from those judgments of conviction.

The charges against defendant arose out of a motor- vehicle mishap that occurred in the city of Warwick on December 3, 1976. Officer Robert Peasley (Peasley) observed defendant's car traveling westerly down West Shore Road at a high rate of speed. The defendant's vehicle first collided with another vehicle stopped in traffic at an intersection and then proceeded to leave the scene. Roberts was apprehended in the vicinity by another police officer. That officer detected an odor of alcohol on defendant's breath and, consequently, transported him to Warwick police headquarters for a breathalyzer test. After the police advised Roberts of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and his statutory rights under G.L.1956 (1968 Reen-

---

1. In violation of G.L.1956 (1968 Reenactment) § 31 26 2 and § 31 26 3, as amended by P.L. 1968, ch. 107, § 1.

2. In violation of G.L.1956 (1968 Reenactment) § 31 10 1.

3. In violation of G.L.1956 (1968 Reenactment) § 31 27 2, as amended by P.L.1974, ch. 120, § 2.

actment) §§ 31–27–2.1 and 31–27–3, they administered the breathalyzer test. The results of the test indicated that defendant's blood contained an amount of alcohol in excess of the statutory limit.[4] The next day, the Warwick police department filed three complaints in the District Court charging defendant with the crimes of which he was subsequently convicted. On December 8, 1976, Roberts entered a plea of not guilty to those charges and claimed a jury trial. The following day the cases were transferred to the Superior Court.

Sixteen months later, on February 28, 1978, Roberts filed motions to dismiss each of the complaints claiming, *inter alia,* that the complaints were duplicitous. At a pretrial hearing a Superior Court justice denied defendant's motion to dismiss, ruling that the complaints clearly notified him of the offenses with which he was charged. Roberts thereafter waived his right to a jury trial, causing his case to be heard by the Superior Court justice without a jury. During the course of the trial defendant stipulated to the facts contained in the police reports and breathalyzer reports introduced into evidence. Roberts stipulated also that the policeman who had administered the breathalyzer test to him was duly qualified to do so and that the alcohol level in his blood was in excess of the statutory limit. The defendant presented no evidence, and at the close of the state's case he renewed a motion he had made prior to trial to suppress the results of the breathalyzer test on the grounds that G.L.1956 (1968 Reenactment) § 31–27–2.1, the so-called implied consent statute, contravenes R.I. Const., art. I, sec. 6. Arguing that he had been unlawfully arrested, Roberts sought also to suppress Officer Peasley's observations of his condition at the time he was apprehended. The trial justice denied both motions to suppress and found defendant guilty on all three charges.

In his brief, Roberts raised three contentions: (1) the results of the breathalyzer test should have been suppressed as the product of an unlawful arrest; (2) the implied consent statute constitutes an illegal search and seizure in violation of the provisions of the Rhode Island and the United States Constitutions; and (3) the complaints against him were duplicitous because two charges were included in the one count contained in each of the complaints. At oral argument, however, defendant's counsel waived his first contention. We therefore need consider only the two remaining issues briefed and argued by defendant.

■ Roberts contends that § 31–27–2.1– insofar as it implies the consent of a person operating a motor vehicle within the state to submit to a breathalyzer test–constitutes an unlawful search and seizure in violation of R.I.Const., art. I, sec. 6 and U.S.Const., amend. XIV, sec. 1. We considered and rejected an identical constitutional challenge to our implied consent statute in *State v. Locke,* 418 A.2d 843 (R.I., 1980). There we ruled that the administration of a breathalyzer test does not amount to an unreasonable search and seizure under the Federal or State Constitutions. Our decision in *Locke* is dispositive of this argument.

We turn to consider defendant's final contention that the complaints filed against him are duplicitous. Each printed complaint form charges a violation of G.L.1956 (1968 Reenactment) §§ 31–14–1 and 31–14–2[5] followed by the printed phrase "or did." Beneath that phrase in each of the three complaints is a blank space in which the Warwick police typed in one of the three charges against defendant. The defendant claims that this constitutes a joinder of two distinct and separate offenses in

---

4. General Laws 1956 (1968 Reenactment) § 31–27 2.1(c)(3), provides that a blood alcohol level of .10 percent or more creates a presumption of intoxication.

5. Specifically, this printed portion of the complaint contains the following language:

"The defendant did operate a motor vehicle on a public highway in the State of Rhode Island at a speed greater than was reasonable and prudent under the conditions having regard to the actual and potential hazards then existing, in violation of [31]–14–1 and 31–14–2."

the same count and argues that the trial justice should have ordered the state to make an election of the offense to be prosecuted.

In *State v. LaPlante*, R.I., 409 A.2d 130 (1979) the defendant filed a motion to dismiss the complaints against him on grounds of duplicity one week prior to trial, but approximately four years after the original complaints had been filed and his plea of not guilty entered. We observed that the proper way to attack a duplicitous complaint, indictment, or information is by motion pursuant to Super.R.Crim.P. 12(b)(2), (3). *Id.* at 132. That rule in pertinent part provides:

"(2) *Defenses and Objections Which Must Be Raised.* The defense of double jeopardy and all other defenses and objections based on defects in the institution of the prosecution or in the indictment, information, or complaint * * * may be raised only by motion before trial. * * * Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

"(3) *Time of Making Motion.* The motion shall be made no later than twenty–one (21) days after the plea is entered * * *."

■■ In *LaPlante* we held that the defendant's failure to comply with the provisions of Super.R.Crim.P. 12(b)(2), (3) constituted a waiver. Here defendant raised the issue of duplicity first on February 28, 1978, approximately sixteen months after the complaints were filed and defendant's plea of not guilty entered. Other than the insignificant difference of sixteen months compared with four years, this case is procedurally identical to *LaPlante*. In certain instances a defendant can be granted relief from the harsh effects of the waiver imposed by Rule 12(b)(2). However, in those instances the burden is on a defendant to show cause why relief should be granted notwithstanding the untimely assertion of the defense. The determination whether to

relieve defendant from the waiver is vested in the sound discretion of the trial justice. *State v. Sharbuno*, R.I., 390 A.2d 915, 920 (1978); *State v. Grullon*, 117 R.I. 682, 688, 371 A.2d 265, 268 (1977).

■ In considering whether to grant relief from waiver, a trial justice must determine if the failure to make the motion within the prescribed period was a deliberate attempt to bypass the claim or a dilatory tactic. *State v. O'Coin*, R.I., 417 A.2d 310, 313 (1980).

■ The defendant argues that the state, by not objecting to the untimeliness of his Rule 12(b)(2) motion, impliedly waived any objection to the trial justice's consideration of the motion. He contends also that the trial justice waived any procedural deficiencies in the motion when she considered the motion on its merits. We rejected this argument in *LaPlante*. Though an examination of the record in this matter discloses that the trial justice denied defendant's motion to dismiss on the merits, there is nothing contained in the record to indicate that defendant ever showed cause for his failure to make a timely motion. In light of this evidentiary gap, we shall not consider Roberts' duplicity claim on the merits. *State v. LaPlante, supra; see State v. Sharbuno*, R.I., 390 A.2d at 920. Thus, we do not consider whether the trial justice erred when she denied defendant's motion on the merits.

The defendant's appeal is denied and dismissed, the judgments of conviction appealed from are affirmed, and the case is remanded to the Superior Court.